**Fred FLORES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41696.**

Court of Criminal Appeals of Texas.

Jan. 15, 1969.

Sam L. Jones, Jr., Dist. Atty., W. De-Witt Alsup, Asst. Dist. Atty., Corpus Christi, and Jim D. Vollers, State's Atty., Austin, for the State.

Utter & Chase by Max L. Bennett, Corpus Christi, for appellant.

## OPINION

WOODLEY, Presiding Judge.

The offense is unlawful possession of heroin; the punishment, 20 years.

The indictment alleged that Vidal Santos Benavides and appellant, acting together, unlawfully possessed a narcotic drug, to-wit, heroin.

Tried separately before a jury on his plea of not guilty, appellant was found guilty and the court, after hearing the evidence adduced on such issue, assessed the punishment at 20 years.

Appellant's first ground of error is that the evidence is insufficient to sustain the conviction. His remaining ground of error is that the evidence fails to show his guilt under the law of principals.

The record on appeal reflects the following.

Appellant operated a paint and body shop in Corpus Christi, Texas. Officers from the Narcotics Bureau of the Corpus Christi Police Department had his place of business under surveillance for a period of time as a place frequented by known narcotics users. Officer Alberto P. Perez testified that on August 2, 1967, he received information from a reliable informer that appellant was waiting for a load of narcotics. Based on this information, the surveillance was continued, and with reference to the activity of known narcotics users, Officer Perez testified:

"A. On this date several people that I know were coming in and out of that place.

"Q. Yes, sir.

"A. And that several times the cars would pull up to his, to his place of business, and Mr. Flores would come out and talk to the people in the car.

"Q. All right.

"A. Later they, in just seconds, they would drive off and Mr. Flores would walk down the street and look around, and then he would look all over the place, and in just a minute or so, this car would drive back and park right in front of the,—of his place; one of them would get out and go in and come out with a, with a package.

"Q. Okay, and these people, you say they were known to you?

"A. Yes, sir.

"Q. And in what, what way were they known to you?

"A. As narcotic users.

"Q. Okay, and approximately, *if you,* if you know, how many people came and went and left with a package that afternoon on August the 2nd?

"A. I will say about seven or eight people that came to the place, three that I actually saw leaving with packages."

Captain W. C. Banner, head of the Special Services Section of the Corpus Christi Police Department, testified that he personally talked to an informant and requested that he (the informant) go to the garage operated by the appellant and make a purchase of marihuana from the appellant, and that the informant did so and turned over to him approximately a half a pound of marihuana.

Based on the above circumstances, a search warrant was issued and a search conducted upon the premises of appellant's shop. As a result of this search, a vial of heroin and two packages of marihuana and some traces of marihuana were found in and around the premises. The heroin was found in an empty paint can in the storeroom of the appellant.

The court's charge authorized the jury to find appellant guilty if they found beyond a reasonable doubt that acting either alone or jointly as a principal he unlawfully possessed heroin.

The effect of the charge, to which there were no objections, was to authorize conviction for joint or exclusive possession.

Brock v. State, 162 Tex.Cr.R. 339, 285 S.W.2d 745, upon which appellant relies so strongly in his brief, is easily distinguishable.

1. Brock had never before been convicted of a narcotic offense. This appellant had.

2. Brock made no res gestae statement at the time of his apprehension. This appellant did when he exonerated a customer by telling the officers "He is just a customer." "He has got nothing to do with it here."

3. No prior purchase of narcotics was shown to have occurred at Brock's cafe while in this case, the police sent an informer to appellant's place of business and effectuated a purchase of marihuana during the course of their surveillance of his place of business and prior to the search.

4. Brock was indicted singularly while this appellant was indicted for "acting together" with Benavides in possessing the heroin. Appellant here attempts to lay all the blame on Benavides.

5. No known narcotic addicts were shown to have visited Brock's cafe while here the surveillance revealed several such visitations.

The grounds of error are overruled.

The judgment is affirmed.

DOUGLAS, J., not participating.