**J. E. MORROW, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44911.**

Court of Criminal Appeals of Texas.

April 26, 1972.

Don Leonard, of Leonard & Van Meter, Fort Worth, for appellant.

Frank Coffey, Dist. Atty., John C. Harris, and John Garrett Hill, Asst. Dist. Attys., Fort Worth, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for the unlawful possession of dangerous drugs; the punishment, confinement in the Tarrant County Jail for eighteen months and a fine of $500.00.

The appellant's first contention is that the evidence is not sufficient to sustain the conviction which was based upon circumstantial evidence. We agree.

Armed with a search warrant, several officers searched the premises of Morrow's Radiator and Battery Shop on October 2, 1970. The appellant was not, but three or four employees and one customer were on the premises when the officers arrived to conduct the search. The officers failed to obtain the names of the persons on the premises, except that of Johnny Morrow. Johnny Morrow, who one officer testified was the brother and another testified was the son of the appellant, appeared to be the foreman and in charge of the shop.

During the search of the shop, Agent Court found a bank deposit bag in the lower drawer of the desk located in the office "area" of the shop. In the deposit bag were found four black capsules, one green tablet and numerous broken pieces of white and yellow tablets. A red capsule was found loose in a "saber saw box sitting on the window sill by the desk."

A chemist, employed by the Texas Department of Public Safety, qualified as an expert, testified the capsules found in the deposit bag contained amphetamines, the red capsule contained barbiturates and that amphetamines and barbiturates were dangerous drugs.

The office area was open to the public and used as a waiting room for customers patronizing the shop. The officers did not find the desk or any area of the shop locked. The officers said they had no way of knowing how long the drugs had been where they were found.

There was no evidence to show when or how long it had been since the appellant was on the premises prior to the search, except that one officer said he had seen the appellant at the shop several times within the year before the search. Although the evidence is meager to so prove, it appears the appellant was the owner and proprietor of the shop.

"A conviction on circumstantial evidence cannot be sustained on proof amounting only to a strong suspicion or mere probability. Such proof does not exclude every other reasonable hypothesis except that of the guilt of the accused." Culmore v. State, 447 S.W.2d 915 (Tex.Crim.App. 1970) and Brock v. State, 162 Tex.Cr.R. 339, 285 S.W.2d 745 (1956). See and compare Flores v. State, 436 S.W.2d 135 (Tex. Crim.App.1969).

The evidence is insufficient to support the conviction.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.