Marcelo Taylor FLORES, Appellant,

v.

The STATE of Texas, Appellee.

No. 45711.

Court of Criminal Appeals of Texas.

Feb. 7, 1973.

Buddy Stevens, Houston, for appellant.

Carol Vance, Dist. Atty., James C. Brough, Alvin H. Horne, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for the possession of heroin. The punishment 3 years imprisonment.

The appellant's only ground of error urges that the evidence is "insufficient to establish the appellant had actual care, custody and control of the heroin in question."

A jury trial was waived. The evidence heard by the trial court will be summarized.

A Harris County Deputy Sheriff searched Sarah Medina, gave her two hundred and fifty dollars in marked bills and he and other deputies then followed her automobile to the 600 block of Sheldon Road. They observed her meet the appellant, get in his automobile, and it appeared she handed him money.

Sarah Medina got back in her automobile and followed the automobile occupied by the appellant and Alma Ruiz. Deputies in two automobiles followed Sarah Medina's automobile.

Appellant's automobile was driven to the intersection of Grand and Interstate Highway 10. The appellant's automobile stopped at a stop sign, turned right and was then driven a short distance and stopped. Sarah Medina's automobile was stopped behind the appellant's. It was a dark night and by the light inside of the appellant's automobile the officers ob-

served him open the door, start to step out of the automobile, and appear to point in a direction of a street stop sign about "ten to fifteen feet" from him across the street. The appellant then drove on, followed by Sarah Medina.

A deputy sheriff ran over to the stop sign and recovered two Dixie cups. One of the cups was covered by another. In the cups was a plastic prescription bottle holding twenty-six papers that were stipulated to contain 26.123 grams of 25.8 percent heroin.

The appellant and Alma Ruiz were arrested after their automobile had traveled a short distance from where it had been stopped.

Soon after Alma Ruiz was arrested she was seen making unusual motions in the back of the deputy's automobile. A deputy sheriff opened the automobile door and the roll containing the marked bills fell out.

At the time of trial the officers were unable to locate Sarah Medina; consequently, her testimony was not offered.

■ A conviction on circumstantial evidence cannot be sustained if the circumstances proved do not exclude every other reasonable hypothesis except that of the guilt of the accused, and proof amounting to only a strong suspicion or mere probability is insufficient. Kinkle v. State, 474 S.W.2d 704 (Tex.Cr.App.1972); Culmore v. State, 447 S.W.2d 915 (Tex.Cr.App. 1969) and Brock v. State, 162 Tex.Cr. 339, 285 S.W.2d 745 (1956).

■ The contraband was found at the base of a stop sign on a heavily traveled feeder street alongside of an interstate highway. The evidence which has already been recited does not exclude every other reasonable hypothesis except the guilt of the appellant even though it may cast suspicion upon him. We find the evidence insufficient to show that the appellant had the actual care, management and control of the heroin necessary to prove that it was possessed by him.

This court has recently discussed, in a number of different fact situations, the sufficiency of evidence necessary to prove possession of narcotics. See Brock v. State, supra; Culmore v. State, supra; Hausman v. State, 480 S.W.2d 721 (Tex. Cr.App.1972); Carr v. State, 480 S.W.2d 678 (Tex.Cr.App.1972); Payne v. State, 480 S.W.2d 732 (Tex.Cr.App.1972); Morrow v. State, 478 S.W.2d 941 (Tex.Cr. App.1972); Reid v. State, 474 S.W.2d 702 (Tex.Cr.App.1972); Kinkle v. State, supra; Shortnacy v. State, 474 S.W.2d 713 (Tex.Cr.App.1972) and compare Haynes v. State, 475 S.W.2d 739 (Tex.Cr.App.1971); Adair v. State, 482 S.W.2d 247 (Tex.Cr. App.1972) and Simpson v. State, 486 S.W. 2d 807 (Tex.Cr.App.1972).

The judgment is reversed and the cause remanded.

Opinion approved by the Court.