**Stephen Craig FLOYD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46259.**

Court of Criminal Appeals of Texas.

May 23, 1973.

Rehearing Denied June 13, 1973.

Tim Banner, Dallas, Leighton Cornett, Paris, for appellant.

Henry Wade, Dist. Atty., and W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

This is an appeal from a conviction for the offense of unlawful possession of a dangerous drug, to-wit: Lysergic Acid Diethylamide. Punishment was assessed by the court at a term of three (3) years.

In a single ground of error, appellant contends that the evidence is insufficient to support the conviction.

The record reflects that Roy G. Brown, a Dallas Police Officer, was on patrol duty by himself in the area of Tietze Park in Dallas on the afternoon of June 19, 1971.

There were an estimated three hundred to four hundred people in this public park when Officer Brown began looking for appellant as a result of information received from a confidential informant. Appellant was riding a bicycle when the officer saw him. Officer Brown, in his patrol car, jumped the curb, and chased appellant approximately 120 yards. Thereupon, appellant rode up to the restroom area and got off his bicycle.

Officer Brown was still in his patrol car approximately thirty or thirty-five feet from appellant as he dismounted from his bicycle. As appellant got to the restroom area, Officer Brown testified that appellant took a plastic bag, referred to as a baggie, out of his right front pocket, ran to the door of the ladies' restroom, stepped inside the restroom, and threw the baggie full of what looked like pink capsules inside the partially boarded window of the restroom. Officer Brown further testified that as he ran up, appellant came out of the restroom, got on his bicycle and rode around the restroom and concession area. Officer Brown finally stopped and arrested appellant on the north side of the pavilion out of view of the restroom entrance. The arrest took three to four minutes to effectuate, but Officer Brown within a span of approximately two minutes sent a park employee to stand in front of the ladies' restroom and make sure no one entered. Following the arrest and the arrival of a back-up squad, Officer Brown went into the ladies' restroom and found a baggie full of capsules in the aforementioned window sill. A proper chain of custody was established, and the State proved by expert testimony that the capsules contained LSD.

The judge, in his charge, defined possession to mean the "care, custody, control or management of the item in question . . . ." In addition, the court properly submitted a charge on circumstantial evidence.

Appellant points to the discrepancies in the testimony of the witness for the State and the rebuttal testimony of the appellant in his challenge to the sufficiency of the evidence. Appellant testified that he was in the girls' restroom because of an "honest mistake" and that he did not throw the bag into the restroom nor had he ever seen the baggie retrieved from the restroom. In addition to his testimony that appellant threw a baggie of pink capsules into a partially boarded window in the ladies' restroom, Officer Brown testified that there was an L-shaped partition in front of the door to the restroom and he could not see if anyone else was in the restroom or if anyone went in or came out of the restroom while he effected the arrest of appellant and that he could not tell whether any other bags were in the restroom because he did not check the entire restroom after finding the bag of capsules. However, the jury, the exclusive judges of the facts proved and the weight to be given to the testimony, resolved the issue against the appellant.

We must accept the findings of the jury on conflicting testimony and determine whether or not there is evidence from which they were warranted in finding beyond a reasonable doubt that the appellant committed the offense as charged. Rodriguez v. State, 164 Tex.Cr.R. 641, 301 S.W.2d 921; Valdez v. State, Tex.Cr.App., 481 S.W.2d 904.

The State must meet its burden of proving (1) that the accused exercised actual care, control and management over the narcotic or dangerous drug and (2) that he knew that the object he possessed was contraband. Simpson v. State, Tex. Cr.App., 486 S.W.2d 807; Ramos v. State, Tex.Cr.App., 478 S.W.2d 102; Rodriguez v. State, Tex.Cr.App., 372 S.W.2d 541. The burden is not met by a mere showing that appellant was present. The State must provide an affirmative link between the accused and the contraband. Simpson v. State, supra; Hausman v. State, Tex. Cr.App., 480 S.W.2d 721.

Appellant relies heavily on the recent opinions of Hausman v. State, supra; Payne v. State, Tex.Cr.App., 480 S.W.2d 732, and Carr v. State, Tex.Cr.App., 480 S.W.2d 678, to support his argument that the State's evidence was insufficient. Appellant's reliance on the aforementioned cases is misplaced. In those cases no contraband was actually found on defendants' person and the State relied on the accuseds' presence at the scene of the crime. In the aforementioned cases the State attempted to prove possession of contraband itself by circumstantial evidence. In the instant case, an affirmative link was shown to exist between the appellant and the contraband.

In the case at bar the State offered direct evidence that appellant (1) entered the ladies' restroom, (2) threw a baggie containing pink capsules into a partially boarded window, (3) fled from Officer Brown, and that (4) a bag containing capsules of LSD was found in the boarded window of the restroom. The State relied on circumstantial evidence only to prove that the bag of pink capsules identified as LSD was the same bag that appellant was observed throwing into the restroom. Thus, appellant was affirmatively linked with a baggie of pink capsules found in the ladies' restroom of Tietze Park in Dallas.

The question remaining is whether the baggie of red capsules that appellant was seen to have thrown into the window of the ladies' restroom was the same as the bag of capsules of LSD found in the window. The fact that the dangerous drug was found in the exact location that Officer Brown saw appellant throw the baggie was probative fact that the bags were the same. Likewise, appellant's flight was also probative value in establishing guilt; e. g., Weeks v. State, Tex.Cr.App., 476 S.W.2d 310; Waters v. State, Tex.Cr.App., 491 S.W.2d 119. Although the restroom area was unobserved for a few minutes following appellant's arrest, when a jury, advised of the restrictions which the law places on

circumstantial evidence, reaches the conclusion upon evidence properly before them that the accused is guilty, it is not for the reviewing court to supplant their findings by its own unless it is able to point to weaknesses, omissions, or inconsistencies in the evidence which destroy its cogency. Taylor v. State, 87 Tex.Cr.R. 330, 221 S.W. 611. See also Isaac v. State, Tex.Cr.App., 468 S.W.2d 855. The evidence reflected that the contraband was found where it was observed to have been thrown by appellant.

We find an affirmative link between appellant and the LSD has been shown. The evidence is sufficient to support the conviction.

The judgment is affirmed.

Opinion approved by the Court.