**Frank Munoz GUITIERREZ, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 50761.**

Court of Criminal Appeals of Texas.

Feb. 4, 1976.

See, also, Tex.Cr.App., 533 S.W.2d 16.

Thomas P. Earls, Dallas, for appellant.

Henry Wade, Dist. Atty., Steve Wilensky and John Ovard, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is possession of heroin; the punishment, 35 years.

Jury trial was waived. In his first ground of error appellant challenges the sufficiency of the evidence to show possession. Cf. *Flores v. State*, Tex.Cr.App., 489 S.W.2d 901.

Police officers, armed with a warrant, went to a Dallas residence, where they arrested several people including the appellant. At the time of his arrest, appellant was awake in the living room talking to another man. He did not have on a shirt, and needle marks were visible on his arm. However, the officers could not say if the marks were recent. Appellant's wife was sitting on a bed in the middle bedroom of the apartment and his father was asleep in the front bedroom. On the medicine cabinet of the bathroom located off a hall between the kitchen and middle bedroom, the officers discovered a bent spoon. In a closet adjacent to this bathroom, they discovered a raincoat with 25 tin foil packets of heroin in the pocket.

In order to sustain a conviction, the State must prove: (1) that the accused exercised actual care, control and management over the narcotic or dangerous drug, and (2) that he knew the object he possessed was contraband. *Higgins v. State*, Tex.Cr.App., 515 S.W.2d 268; *Floyd v. State*, Tex.Cr.App., 494 S.W.2d 828. Where an accused is not in exclusive possession of the premises, it cannot be concluded that he had knowledge of the narcotic and control over it, unless there are additional independent facts and circumstances which link the accused to the narcotic. *Smith v. State*, Tex.Cr.App., 511 S.W.2d 296; *Wright v. State*, Tex.Cr.App., 500 S.W.2d 170.

There was no showing that the residence was under the control of the appellant or that the raincoat belonged to him. See *Williams v. State*, Tex.Cr.App., 498 S.W.2d 340. As in *Higgins*, supra, no independent circumstances were shown to connect the appellant with the heroin.

The allegation in the affidavit for the search warrant that the house in question was the appellant's residence was not self-proving. The trial court in sustaining appellant's objection to whether the person described in the warrant was the appellant specifically stated that the affidavit and warrant would only be considered for the validity of the search. The only mention in the record that the residence was appellant's is contained in the testimony of the officer who obtained and served the warrant. He named the house as "Frank Guitierrez' residence", without indicating whether he was referring to appellant, Frank Guitierrez, Jr., or his father, Frank Guitierrez, Sr. No utility bills, rent receipts, personal letters or other material was introduced to show that appellant lived in or had control over the premises. Cf. *Wright*, supra; *Williams*, supra; *Haynes v. State*, Tex.Cr.App., 475 S.W.2d 739.

There were several other persons on the premises in addition to appellant, his wife and father, all of whom had access to the closet and bathroom. It was a rainy night and there was no showing that the raincoat was not brought in by another person. Appellant made no furtive gestures, did not attempt to flee, and the needle marks were not shown to be recent. *Hernandez v. State*, Tex.Cr.App., 517 S.W.2d 782.

In the case relied upon by the dissent, *Curtis v. State*, Tex.Cr.App., 519 S.W.2d 883, there was testimony from the landlord that Curtis had rented the apartment and she was present when he moved in. Letters addressed to Curtis were found in the bedroom which was the only room containing significant furniture. Marihuana was found in a coat inside the closet in that bedroom. At the time of his arrest, Curtis and four others were seated in a circle with marihuana and a marihuana cigarette butt near the center of the circle. These independent facts and circumstances were sufficient to link Curtis with the contraband found in the closet.

Even when construed in the light most favorable to the State, the evidence in the case at bar is insufficient to show possession. It is therefore unnecessary for us to discuss appellant's remaining ground of error.

The judgment is reversed and the cause remanded.

DOUGLAS, Judge (dissenting).

In addition to the evidence cited in the majority opinion, the record shows that the house searched was appellant's residence. After obtaining a search warrant, officers set up a surveillance on the house and waited to be sure that appellant was there before executing the warrant. While there they saw several known narcotic users entering and leaving the apartment. When the officers entered, they found appellant's father in one bedroom. In another bedroom they found appellant's wife in bed. The closet in that room contained men's clothing. A raincoat which contained heroin was in that closet. Other heroin was found in the bathroom by the bedroom where appellant's wife was in bed.

Here we have a case where heroin was found in appellant's residence in the closet of the bedroom where his wife was in bed. Would it not be a logical and legitimate deduction that appellant occupied this bedroom? There was also heroin and narcotics paraphernalia throughout the apartment. Needle marks were on both of his arms.

Apparently from this case all a narcotics dealer has to do to prevent a conviction is to have other people in his home where he keeps narcotics. It follows from the majority opinion that no one in the house could be convicted. The Court does not discuss joint control. *Curtis v. State,* 519 S.W.2d 883 (Tex.Cr.App.1975), should be followed. In that case Curtis and four others were found seated in a circle in the living room of an apartment. Marihuana was found in a sport jacket in a closet in a bedroom where a woman claimed by Curtis to be his wife was found asleep. An officer testified that the apartment had been under surveillance two days before the execution of the warrant, that several people entered and left shortly before the arrest, and that Curtis was seen entering the apartment some thirty minutes before the officers executed the warrant. This Court held that evidence to be sufficient.

The Court should hold the evidence sufficient in the present case.