**Larry Edward HALL, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 01–81–0461–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 31, 1981.

Discretionary Review Denied
March 31, 1982.

Jeff L. Wilner, Houston, for appellant.

Marqua McGull-Billingsley, Houston, for appellee.

Before WARREN, DUGGAN and PRICE, JJ.

WARREN, Justice.

Appellant was convicted by a jury of burglary of a habitation; his punishment, enhanced by two prior felony convictions, was assessed at confinement for life.

At approximately noon on April 22, 1980, Beth O'Neil, who lived across the street from complainant, arrived at her home. Shortly thereafter, she saw two men walking on Sage Road, which abuts the east side of her lot and that of complainant. They twice walked past her house and crossed Pine Forest Road heading toward complainant's home. On both occasions they entered the back yard through a gate on the east side of the yard and walked toward complainant's patio. After they entered complainant's yard through the side gate the second time, Mrs. O'Neil called the police and complainant to report what she had seen. After 10 or 15 minutes the police arrived.

As Mrs. O'Neil was coming out of her home to talk with the policemen, she saw the two men running from complainant's back yard. She screamed to the police that the men were running away. As the men left the back yard, one of them threw a beige cloth bag in or near a ditch. Within a few minutes both men were apprehended. At the scene Mrs. O'Neil identified appellant as one of the two men she saw running from complainant's back yard. She identified the other man as being the one who threw the cloth bag in the ditch. At trial, Mrs. O'Neil identified appellant as being one of the two men she saw on April 22, 1980. A neighbor, Mrs. Nancy Allen, also testified that she saw appellant in complainant's back yard on the date and time in question.

Complainant testified that she arrived at her home at about 1:00 p. m. on April 22; that a window in the rear of her home had been broken, a bedroom had been ransacked, her jewelry was gone and her dining room chest was open. She testified that any entry into her home had been made without her permission, and she identified the contents in the beige cloth bag as being items taken from her home, without her permission.

Officer Dyches, one of the policemen who came to the scene, testified that entry was made through the back door by breaking a window at the back of the house; that there was a green mossy-like substance on the bricks next to the window which had obviously been smeared; that he found that the same mossy substance on the side of appellant's pants after he was apprehended.

Appellant asserts four grounds of error, as follows:

(1) that there was insufficient evidence to prove that appellant committed the offense of burglary;

(2) that the court erred in failing to charge the jury on the lesser included offense of criminal trespass;

(3) that the court erred in admitting the beige bag into evidence because the evidence failed to connect appellant with it, and

(4) that the court failed to grant appellant's motion for continuance when ten days had not elapsed from service of the indictment until the date of trial.

The court charged the jury on the law of parties and on circumstantial evidence.

In reviewing the sufficiency of the evidence to support a conviction obtained on circumstantial evidence, we must view the evidence in a light most favorable to the accused and presume that he is innocent. The conviction cannot be sustained if the circumstances do not exclude every other reasonable hypothesis except that of the guilt of the accused. *Flores v. State*, 489 S.W.2d 901 (Tex.Cr.App.1973). Each circumstantial evidence case must be tested by its own facts to determine the sufficiency of the evidence to support the conviction. *Moore v. State*, 532 S.W.2d 333 (Tex.Cr. App.1976). Appellant does not refer us to any aspect of the State's case that he considers to be deficient, but alleges that the

evidence did not exclude all other reasonable hypotheses except appellant's guilt. We disagree. It is not necessary that every fact point directly or independently to the guilt of the accused; the culminating force of all incriminating circumstances can be sufficient to warrant a conclusion of guilt. *Flores.* The facts in evidence lead to no other reasonable conclusion than that of the guilt of the accused. There is sufficient evidence to support the conviction.

■ We are of the opinion that a charge on criminal trespass was not required in the case because the issue was not raised. The State proved the offense of burglary; the appellant presented no evidence. Before a charge is required on a lesser included offense there must be evidence that a defendant, if guilty, is guilty only of the lesser included offense. *Williams v. State,* 575 S.W.2d 30 (Tex.Cr.App. 1979). If a defendant presents evidence that he committed no offense at all, or if he presents no evidence, a charge on the lesser offense is not required. *Eldred v. State,* 578 S.W.2d 721 (Tex.Cr.App.1979). This ground of error is overruled.

■ We are also of the opinion that the admission of the beige cloth bag containing the jewelry and other items taken from complainant's home was proper. Tex.Penal Code Ann. § 7.02 provides that all persons are parties to an offense if they are guilty of acting together in the commission of an offense. The evidence showed that the burglary was the act of both appellant and his companion. Any act done by one to accomplish the burglary is considered in law to be the act of both. This ground of error is overruled.

■ Lastly, appellant claims that the court erred in failing to grant his motion for continuance when ten days had not elapsed from the time of service of the indictment until the date of trial.

Appellant erroneously contends that he filed a motion for continuance alleging that he had not been allowed ten days between the service of indictment and the date of trial, in violation of Tex.Code Crim.Pro. Ann. art. § 27.12. The record shows that appellant was reindicted on June 26, 1980 and was served with a copy of the indictment on July 2. The case had previously been set for trial on July 7. On July 2, appellant filed a motion for continuance and in support thereof alleged that he had employed new counsel and had filed motions that required the court's consideration. No mention was made of the fact that he had not been allowed 10 days between the date of service of the indictment and the date of trial, nor was § 27.12 mentioned. The other pre-trial motions were filed on July 2 and were ruled on by the court before trial.

Tex.Code Crim.Proc.Ann. art. § 27.12 requires that a defendant be allowed at least 10 days after indictment before his trial on the merits begins; the trial court must grant a motion for continuance where it is alleged and shown that a defendant has not been allowed the requisite 10 days. However, unless the motion for continuance specifically urges this as a ground for continuance, it is waived. *Johnson v. State,* 567 S.W.2d 214 (Tex.Cr.App.1978). In our case, appellant announced ready for trial on July 7, without ever mentioning the lack of his being allowed ten days between indictment and trial. We hold that this constituted a waiver of the right afforded him under § 27.12.

Affirmed.