**Dock James RICHARDSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 13–81–322–CR.
(2333cr).

Court of Appeals of Texas,
Corpus Christi.

Feb. 4, 1982.

Donald W. Rogers, Jr., Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before BISSETT, YOUNG and GONZALEZ, JJ.

OPINION

GONZALEZ, Justice.

This is an appeal from a conviction for aggravated robbery, wherein the jury assessed punishment at confinement in the Texas Department of Corrections for twenty-five years. We reverse.

The conviction is based solely on circumstantial evidence. The trial court charged the jury on circumstantial evidence and on the law of parties to an offense. The defendant did not testify, nor did he present any evidence. In two grounds of error, appellant challenges the sufficiency of the evidence to sustain the conviction.

On March 26, 1978, a Pizza Hut Restaurant in Pasadena, Texas, was robbed by a lone gunman at approximately 12:30 a. m. During the robbery the robber walked to the back of the restaurant at which time Pamela Chunda and two friends, who were in the restaurant, ran next door to the adjacent Seven-Eleven store to call the police. While inside the Seven-Eleven store, the robber ran by and someone stated, "That's him, that's the guy who robbed it." The man then ran into some bushes and out of sight. A few moments later witnesses heard a car door slam and observed a gold and white vehicle departing the scene. Roger Osgood, who was at the Seven-Eleven store, jumped into his vehicle and pursued the vehicle he observed leaving the scene. Mr. Osgood testified that during this time he got the attention of a police car which ultimately began following the vehicle with its siren and red lights flashing. After a short chase, the gold and white vehicle hit another car and attempted to leave the scene. At that point, an officer fired his gun at the fleeing vehicle blowing out the left rear tire, causing the vehicle to hit a telephone pole before coming to a stop. The police pulled two men from the vehicle, the passenger being the man who ran by the Seven-Eleven, and the driver, appellant here.

In applying the law of parties, as found in Texas Penal Code Ann. § 7.01 (Vernon 1974), the court's charge to the jury reads as follows:

"All persons are parties to an offense who are guilty of acting together in the commission of an offense. A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both. A person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense.

In this case you are instructed that if you believe the defendant, Dock James Richardson acted together with Russell Eldon Bainer with intent to promote or assist the commission of the offense by Russell Eldon Bainer by encouraging, directing, aiding, or attempting to aid Russell Eldon Bainer to commit the offense, then you will find the defendant, Dock James Richardson guilty as charged in the indictment. Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant."

The State's theory was that Russell Eldon Bainer was the robber of the Pizza Hut and that he was the passenger in the vehicle driven by appellant. The State, however, failed to introduce any evidence to prove that fact and no evidence was introduced before the jury to show that Russell Eldon Bainer committed the robbery.

Furthermore, the record shows that there were 6 eyewitnesses to the robbery. The State called only 3 of them to testify and did not account for its failure to call the others. The State also failed to prove that the bag of money found in the car, that appellant was driving, came from the robbery. The rule in this regard was stated in *Waldon v. State*, 579 S.W.2d 499 (Tex.Crim. App.1979) at page 502:

"Where circumstantial evidence relied on by the prosecution is somewhat weak and where the record on appeal affirmatively shows not only that other testimony

which would have cast additional light on the facts was available to the prosecution, but also that the prosecution did not introduce such other evidence or satisfactorily account for its failure to do so, the appellate court will treat the case as one showing reasonable doubt of the sufficiency of the evidence to support the conviction." (citations omitted)

The Court of Criminal Appeals in *Indo v. State*, 502 S.W.2d 166 (Tex.Cr.App.1973) said that the test for determining the sufficiency of the evidence to uphold a conviction in a circumstantial evidence case was as follows:

"This court has long adhered to the rule that a conviction on circumstantial evidence cannot be sustained if the circumstances do not exclude every other reasonable hypothesis except that of the guilt of the accused, and proof amounting to only a strong suspicion or merely probability is not sufficient. *Flores v. State*, 489 S.W.2d 901, 902 (Tex.Cr.App.1973), and cases therein cited."

Every circumstantial evidence case must necessarily be tested by its own facts to determine the sufficiency of the evidence to support the conviction. *Stogsdill v. State*, 552 S.W.2d 481 (Tex.Cr.App.1977).

Mere presence in the vicinity of the crime, even when coupled with flight, is not sufficient to sustain a conviction. *Moore v. State*, 532 S.W.2d 333 (Tex.Cr.App.1976). We find that this factor along with all other factors presented by the State amounts to nothing more than a strong suspicion, or probability that appellant committed the robbery for which he was convicted. We hold that the evidence does not exclude all other reasonable hypotheses except appellant's guilt and find the evidence insufficient to support the conviction.

The judgment of the trial court is reversed and reformed to reflect an acquittal. See *Burks v. U. S.*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).