# NO. 12-09-00249-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DERRICK ROSS,*<br>*APPELLANT* | § | *APPEAL FROM THE THIRD* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Derrick Ross appeals his conviction for possession of a prohibited item while incarcerated in a correctional facility, for which he was sentenced to imprisonment for sixty years. In one issue, Appellant argues that the evidence is factually insufficient to support his conviction. We affirm.

## BACKGROUND

Appellant, an inmate, was charged by indictment with possession of a prohibited item, a cellular telephone, while incarcerated in a correctional facility. Appellant pleaded "not guilty," and the matter proceeded to a jury trial.

At trial, the evidence indicated that Lieutenant Tonia Brown, a correctional officer with the Texas Department of Criminal Justice ("TDCJ"), was assigned to work at the Trustee Camp at the Coffield Unit in Anderson County, Texas. While on duty, Brown observed Appellant walking to the camp area and noticed something unusual or "squirrely" about his gait and demeanor. As a result, Brown sought to conduct a search of Appellant and ordered him to stop. Appellant fled, and Brown and Officer Keith Steele pursued him. During her pursuit of Appellant, Brown observed Appellant throwing an unidentified object onto the roof of the "C" dormitory. Steele, who had fallen behind in the pursuit, did not observe Appellant throwing anything. Parole Officer Doug

Smith was at the nearby firing range and observed an offender running along the side of the "C" dormitory, at which point he made a "big overhand throwing motion." Appellant ultimately stopped running and was restrained by Brown.

Thereafter, Smith informed officers investigating the scene that Appellant had made a throwing motion toward the roof. Sergeant Norris Knox later conducted a search of the entire roof of the "C" dormitory. As a result of his search, Knox recovered a cellular telephone concealed inside a gray, state issued sock. The general area of the roof from which Knox recovered the cellular telephone is in close proximity to the general area from which, according to Brown's testimony, Appellant threw the unidentified object onto the roof.

Following the presentation of evidence, the matter was submitted to the jury. Ultimately, the jury found Appellant "guilty" as charged and assessed his punishment at imprisonment for sixty years. The trial court sentenced Appellant accordingly, and this appeal followed.

## EVIDENTIARY SUFFICIENCY

In his sole issue, Appellant argues that the evidence is factually insufficient to support the trial court's judgment. Specifically, Appellant contends that the evidence is factually insufficient to support that he possessed the cellular telephone at issue.

We initially note that the court of criminal appeals has recently held that there is "no meaningful distinction between the *Jackson v. Virginia*[1] legal sufficiency standard and the *Clewis* factual sufficiency standard and that "the *Jackson v. Virginia* standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt." *See Brooks v. State*, No. PD-0210-09, 2010 WL 3894613, at *8, 14 (Tex. Crim. App. Oct. 6, 2010). Consequently, the court of criminal appeals overruled the factual sufficiency standard of review as set forth in *Clewis v. State*, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996) and its progeny. *See id.*[2]

Legal sufficiency is the constitutional minimum required by the Due Process Clause of the

---

[1] 443 U.S. 307, 315–16, 99 S. Ct. 2781, 2786–87, 61 L. Ed. 2d 560 (1979).

[2] Appellant did not have the benefit of the court of criminal appeals' opinion in *Brooks* at the time he submitted his brief on the issue of factual sufficiency. We construe Appellant's issue liberally in the interest of justice and review it under the *Jackson* standard. *See, e.g.*, *White v. State*, 50 S.W.3d 31, 40 (Tex. App.–Waco 2001, pet. ref'd).

Fourteenth Amendment to sustain a criminal conviction. *See Jackson*, 443 U.S. at 315–16, 99 S. Ct. at 2786–87; *see also Escobedo v. State*, 6 S.W.3d 1, 6 (Tex. App.– San Antonio 1999, pet. ref'd). The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson*, 443 U.S. at 320, 99 S. Ct. at 2789; *see also Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). The evidence is examined in the light most favorable to the verdict. *See Jackson*, 443 U.S. at 320, 99 S. Ct. at 2789; *Johnson*, 871 S.W.2d at 186. A successful legal sufficiency challenge will result in rendition of an acquittal by the reviewing court. *See Tibbs v. Florida*, 457 U.S. 31, 41–42, 102 S. Ct. 2211, 2217–18, 72 L. Ed. 2d 652 (1982).

The sufficiency of the evidence is measured against the offense as defined by a hypothetically correct jury charge. *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge would include one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant is tried." *Id.*

In the case at hand, to support Appellant's conviction for possession of contraband, the State was required to prove, among other things, that Appellant exercised control, management, or care over the cellular telephone. *See, e.g., Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005). The State must establish, to the requisite level of confidence, that the accused's connection with the contraband was more than just fortuitous. *See id.* at 406. When the accused is not in exclusive possession of the place where the contraband is found, we cannot conclude that he had knowledge of and control over the contraband unless there are additional independent facts and circumstances which link the accused to the contraband. *Poindexter*, 153 S.W.3d at 406. Links that may circumstantially establish the sufficiency of the evidence to prove that a defendant had knowing "possession" of contraband include the following: (1) the defendant's presence when a search is conducted; (2) whether the contraband was in plain view; (3) the defendant's proximity to and the accessibility of the contraband; (4) whether the defendant possessed other contraband when arrested; (5) whether the defendant made incriminating statements when arrested; (6) whether the defendant attempted to flee; (7) whether the defendant made furtive gestures; (8) whether other contraband was present; (9) whether the defendant owned or had the right to possess the place

3

where the contraband was found; (10) whether the place where the contraband was found was enclosed; and (11) whether the conduct of the defendant indicated a consciousness of guilt. *See Evans*, 202 S.W.3d at 162 n.12; *see also Floyd*, 494 S.W.2d 828, 830 (Tex. Crim. App. 1973) (fact that contraband was found in same location that officer saw appellant throw baggie probative that two items were the same). It is not the number of links that is dispositive, but rather the logical force of all of the evidence, both direct and circumstantial. *See Evans*, 202 S.W.3d at 162 n.12. Ultimately, the question of whether the evidence is sufficient to link the appellant to the contraband must be answered on a case by case basis. *See Whitworth v. State*, 808 S.W.2d 566, 569 (Tex. App.–Austin 1991, pet. ref'd).

In the instant case, Appellant was observed walking with an unusual gait and demeanor. Appellant fled when Brown sought to search him. Appellant was seen making a throwing motion by two witnesses on the ground in the general area near where the cellular phone was located on the roof of "C" dormitory. Appellant surrendered to the pursuing officers almost immediately after he was seen making this throwing motion.

On the other hand, there was testimony supporting that possession of contraband is common among the two to three hundred offenders residing at the trustee camp. Appellant was searched when he entered the camp. The roof was not in plain view from the place where Appellant was seen throwing an unidentified object, and there was no forensic evidence demonstrating that Appellant possessed the phone. Moreover, Appellant contends that Knox "stopped searching for evidence as soon as he found the sock containing a cellular telephone."

Considering the aforementioned evidence, we note that Knox testified that he searched the "entire" roof. Neither party elicited testimony from Knox that the sock containing a cellular telephone was the only item he found. However, given Knox's testimony concerning the extent of his rooftop search, the jury could reasonably infer that Knox did not find any other items on the roof during his search. Furthermore, although there was evidence that Appellant was searched upon his entry into the camp, there was also evidence that offenders are known to conceal items in their body cavities and that no cavity search was performed on Appellant.

Having examined the aforementioned evidence in the light most favorable to the verdict, we conclude that the jury could have determined beyond a reasonable doubt that Appellant exercised control, management, or care over the cellular telephone at issue. Therefore, we hold that the

4

evidence is sufficient under the ***Jackson v. Virginia*** standard to support the trial court's judgment. Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

**SAM GRIFFITH**
Justice

Opinion delivered October 27, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)