MARY'S OPINION HEADING 








NO. 12-09-00249-CR

 

IN
THE COURT OF APPEALS 

 

TWELFTH COURT OF
APPEALS DISTRICT

 

TYLER,
TEXAS

DERRICK ROSS,                                          §                      APPEAL
FROM THE THIRD

APPELLANT

 

V.                                                                    §                      JUDICIAL
DISTRICT COURT OF

 

THE
STATE OF TEXAS,

APPELLEE                                                   §                      ANDERSON
COUNTY, TEXAS

                                                                                                                                                          


MEMORANDUM
OPINION

            Derrick
Ross appeals his conviction for possession of a prohibited item while incarcerated
in a correctional facility, for which he was sentenced to imprisonment for
sixty years.  In one issue, Appellant argues that the evidence is factually
insufficient to support his conviction.  We affirm.

 

Background

            Appellant,
an inmate, was charged by indictment with possession of a prohibited item, a
cellular telephone, while incarcerated in a correctional facility.  Appellant
pleaded “not guilty,” and the matter proceeded to a jury trial.  

At
trial, the evidence indicated that Lieutenant Tonia Brown, a correctional
officer with the Texas Department of Criminal Justice (“TDCJ”), was assigned to
work at the Trustee Camp at the Coffield Unit in Anderson County, Texas.  While
on duty, Brown observed Appellant walking to the camp area and noticed something
unusual or “squirrely” about his gait and demeanor.  As a result, Brown sought
to conduct a search of Appellant and ordered him to stop.  Appellant fled, and
Brown and Officer Keith Steele pursued him.  During her pursuit of Appellant,
Brown observed Appellant throwing an unidentified object onto the roof of the
“C” dormitory.  Steele, who had fallen behind in the pursuit, did not observe
Appellant throwing anything.  Parole Officer Doug Smith was at the nearby
firing range and observed an offender running along the side of the “C”
dormitory, at which point he made a “big overhand throwing motion.”  Appellant
ultimately stopped running and was restrained by Brown.  

Thereafter,
Smith informed officers investigating the scene that Appellant had made a
throwing motion toward the roof.  Sergeant Norris Knox later conducted a search
of the entire roof of the “C” dormitory.  As a result of his search, Knox
recovered a cellular telephone concealed inside a gray, state issued sock.  The
general area of the roof from which Knox recovered the cellular telephone is in
close proximity to the general area from which, according to Brown’s testimony,
Appellant threw the unidentified object onto the roof.

            Following
the presentation of evidence, the matter was submitted to the jury. 
Ultimately, the jury found Appellant “guilty” as charged and assessed his
punishment at imprisonment for sixty years.  The trial court sentenced
Appellant accordingly, and this appeal followed.

 

Evidentiary Sufficiency

            In
his sole issue, Appellant argues that the evidence is factually insufficient to
support the trial court’s judgment.  Specifically, Appellant contends that the
evidence is factually insufficient to support that he possessed the cellular
telephone at issue.

We
initially note that the court of criminal appeals has recently held that there
is “no meaningful distinction between the Jackson v. Virginia[1]
legal sufficiency standard and the Clewis factual sufficiency
standard and that “the Jackson v. Virginia standard is the only
standard that a reviewing court should apply in determining whether the
evidence is sufficient to support each element of a criminal offense that the
State is required to prove beyond a reasonable doubt.”  See Brooks v.
State, No. PD-0210-09, 2010 WL 3894613, at *8, 14 (Tex. Crim. App. Oct.
6, 2010).  Consequently, the court of criminal appeals overruled the factual
sufficiency standard of review as set forth in Clewis v. State,
922 S.W.2d 126, 134 (Tex. Crim. App. 1996) and its progeny.  See id.[2]

Legal
sufficiency is the constitutional minimum required by the Due Process Clause of
the Fourteenth Amendment to sustain a criminal conviction.  See Jackson,
443 U.S. at 315–16, 99 S. Ct. at 2786–87; see also Escobedo v. State,
6 S.W.3d 1, 6 (Tex. App.– San Antonio 1999, pet. ref=d). 
The standard for reviewing a legal sufficiency challenge is whether any
rational trier of fact could have found the essential elements of the offense
beyond a reasonable doubt.  See Jackson, 443 U.S. at 320, 99 S.
Ct. at 2789; see also Johnson v. State, 871 S.W.2d 183, 186 (Tex.
Crim. App. 1993).  The evidence is examined in the light most favorable to the
verdict.  See Jackson, 443 U.S. at 320, 99 S. Ct. at 2789; Johnson,
871 S.W.2d at 186.  A successful legal sufficiency challenge will result in
rendition of an acquittal by the reviewing court.  See Tibbs v. Florida,
457 U.S. 31, 41–42, 102 S. Ct. 2211, 2217–18, 72 L. Ed. 2d 652 (1982).

The
sufficiency of the evidence is measured against the offense as defined by a
hypothetically correct jury charge.  See Malik v. State, 953
S.W.2d 234, 240 (Tex. Crim. App. 1997).  Such a charge would include one that
“accurately sets out the law, is authorized by the indictment, does not
unnecessarily increase the State=s
burden of proof or unnecessarily restrict the State=s
theories of liability, and adequately describes the particular offense for
which the defendant is tried.”  Id. 

In
the case at hand, to support Appellant’s conviction for possession of
contraband, the State was required to prove, among other things, that Appellant
exercised control, management, or care over the cellular telephone.  See,
e.g., Poindexter v. State, 153 S.W.3d 402, 405 (Tex. Crim. App.
2005).  The State must establish, to the requisite level of confidence, that
the accused=s connection with the contraband
was more than just fortuitous.  See id. at 406.  When the
accused is not in exclusive possession of the place where the contraband is
found, we cannot conclude that he had knowledge of and control over the
contraband unless there are additional independent facts and circumstances
which link the accused to the contraband.  Poindexter, 153 S.W.3d
at 406.  Links that may circumstantially establish the sufficiency of
the evidence to prove that a defendant had knowing “possession” of contraband
include the following:  (1) the defendant’s presence when a search is
conducted; (2) whether the contraband was in plain view; (3) the defendant's
proximity to and the accessibility of the contraband; (4) whether the defendant
possessed other contraband when arrested; (5) whether the defendant made
incriminating statements when arrested; (6) whether the defendant attempted to
flee; (7) whether the defendant made furtive gestures; (8) whether other
contraband was present; (9) whether the defendant owned or had the right to
possess the place where the contraband was found; (10) whether the place where
the contraband was found was enclosed; and (11) whether the conduct of the
defendant indicated a consciousness of guilt.  See Evans,
202 S.W.3d at 162 n.12; see also Floyd, 494 S.W.2d 828, 830 (Tex.
Crim. App. 1973) (fact that contraband was found in same location that officer
saw appellant throw baggie probative that two items were the same).  It is not
the number of links that is dispositive, but rather the logical force of all of
the evidence, both direct and circumstantial.  See Evans,
202 S.W.3d at 162 n.12.  Ultimately, the question of whether the evidence is
sufficient to link the appellant to the contraband must be answered on a case
by case basis.  See Whitworth v. State, 808 S.W.2d 566, 569 (Tex.
App.–Austin 1991, pet. ref=d).

In
the instant case, Appellant was observed walking with an unusual gait and
demeanor.  Appellant fled when Brown sought to search him.  Appellant was seen
making a throwing motion by two witnesses on the ground in the general area
near where the cellular phone was located on the roof of “C” dormitory. 
Appellant surrendered to the pursuing officers almost immediately after he was
seen making this throwing motion.    

On
the other hand, there was testimony supporting that possession of contraband is
common among the two to three hundred offenders residing at the trustee camp. 
Appellant was searched when he entered the camp.  The roof was not in plain
view from the place where Appellant was seen throwing an unidentified object,
and there was no forensic evidence demonstrating that Appellant possessed the
phone.  Moreover, Appellant contends that Knox “stopped searching for evidence
as soon as he found the sock containing a cellular telephone.”

Considering
the aforementioned evidence, we note that Knox testified that he searched the
“entire” roof.  Neither party elicited testimony from Knox that the sock
containing a cellular telephone was the only item he found.  However, given
Knox’s testimony concerning the extent of his rooftop search, the jury could
reasonably infer that Knox did not find any other items on the roof during his
search.  Furthermore, although there was evidence that Appellant was searched
upon his entry into the camp, there was also evidence that offenders are known
to conceal items in their body cavities and that no cavity search was performed
on Appellant.

Having
examined the aforementioned evidence in the light most favorable to the
verdict, we conclude that the jury could have determined beyond a reasonable
doubt that Appellant exercised control, management, or care over the cellular
telephone at issue.  Therefore, we hold that the evidence is sufficient under
the Jackson v. Virginia standard to support the trial court’s
judgment.  Appellant=s sole issue is
overruled.

 

Disposition

            Having
overruled Appellant’s sole issue, we affirm the trial court’s
judgment.

 

                                                                                                Sam Griffith

                                                                                                      
Justice

 

 

 

 

Opinion delivered October 27, 2010.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH) 

 









[1] 443
U.S. 307, 315B16, 99 S. Ct. 2781, 2786B87, 61 L. Ed. 2d 560 (1979).





[2] Appellant did not have the
benefit of the court of criminal appeals’ opinion in Brooks at
the time he submitted his brief on the issue of factual sufficiency.  We
construe Appellant’s issue liberally in the interest of justice and review it
under the Jackson standard.  See, e.g., White v.
State, 50 S.W.3d 31, 40 (Tex. App.–Waco 2001, pet. ref’d).