Affirmed and Memorandum Opinion filed August 11, 2011.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-10-00406-CR

___________________

 

DONNELL LEON
YOUNG, JR., Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee



 



 

On
Appeal from the 122nd District Court

 Galveston County,
Texas



Trial Court Cause No. 08CR3565

 



 

 

MEMORANDUM OPINION

A jury
found appellant, Donnell Leon Young, Jr., guilty of possession of a controlled
substance, cocaine, with intent to deliver in an amount of four grams or more
but less than 200 grams.  The court assessed punishment at twenty-five years
confinement.  In a single issue, appellant contends the evidence was legally
insufficient to support his conviction.  We affirm.

I.  Background

On December 1, 2008, La
Marque Police Department dispatcher Delores Dillon received an anonymous call
reporting possible narcotics activity involving a gray vehicle and a maroon
vehicle at 202 Edgar Street.  Dillon dispatched Officers Michael Keleman and Harvey
Walton to investigate.  When Keleman arrived, he observed a maroon vehicle
parked across the street at 201 Edgar.  A man, later identified as appellant,
was standing by the partially-open door on the driver’s side of the vehicle. 
As Keleman started to exit his patrol car, appellant began to walk toward the
residence at 201 Edgar.  After several oral commands to stop, appellant complied
and, pursuant to Keleman’s previous instruction, placed his hands on his head. 
Walton started to search appellant, but he “bolted” and ran.

According to Keleman, he
chased appellant west across Edgar, behind a residence, then north toward
Nashby Street, where appellant again ran behind a residence.  Appellant stopped
at a white fence behind 1924 Nashby, with Keleman close behind.  Appellant
turned, moved sideways, and then tossed a baggie under the house.  Keleman
deployed his taser; however, appellant jumped the fence and ran, eventually
returning to Edgar Street, where he was apprehended.  After appellant was arrested,
Keleman returned to 1924 Nashby with Officer Danielle Herman, where they saw a
baggie under the house.  They were unable to retrieve the baggie because it was
about six to ten feet under the residence.  They then called the fire
department, and firemen used a pole to retrieve the baggie.

When appellant was
booked into jail, he had $1,325 in cash on his person.  The cash was folded in
a large wad consisting of four $100 bills, several $50 bills, thirty-one $20
dollar bills, fifteen $10 bills, and several $1 bills.  According to the
forensic analyst, the baggie contained 11.53 grams of cocaine.

II.
Sufficiency of the Evidence

In a single issue,
appellant contends the evidence was legally insufficient to support his
conviction of possession of cocaine with intent to deliver.[1]  The crux of his
argument is that there was insufficient evidence to support the possession
element of the charged offense.[2]

A. 
Standard of Review and Applicable Law

When reviewing
sufficiency of evidence, we view all of the evidence in the light most
favorable to the verdict to determine whether the jury was rationally justified
in finding guilt beyond a reasonable doubt.  See Brooks v. State, 323
S.W.3d 893, 899 (Tex. Crim. App. 2010) (plurality op.).  We may not sit as a
thirteenth juror and substitute our judgment for that of the fact finder by
reevaluating the weight and credibility of the evidence.  Id. at 899,
901; Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999); see
also Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986) (expressing
that jury may choose to believe or disbelieve any portion of the testimony). 
We defer to the fact finder’s resolution of conflicting evidence unless the
resolution is not rational.  See Clayton v. State, 235 S.W.3d 772, 778
(Tex. Crim. App. 2007).

In a prosecution for
possession of a controlled substance, the State must prove beyond a reasonable
doubt that the defendant (1) exercised actual care, custody, control, or
management over the substance and (2) knew that the substance was contraband.  Evans
v. State, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006).  Whether the evidence
is direct or circumstantial, it must establish that the defendant’s connection
with the drug was more than fortuitous.  Id.  Mere presence at the
location where drugs are found is thus insufficient, by itself, to establish
actual care, custody, or control of those drugs.  Id. at 162.  However,
presence or proximity, when combined with other evidence, either direct or
circumstantial (e.g., affirmative links), may be sufficient.  Id.  An
affirmative link generates a reasonable inference that the accused knew of the
contraband’s existence and exercised control over it.  See Washington v.
State, 902 S.W.2d 649, 652 (Tex. App.—Houston [14th Dist.] 1995, pet.
ref’d).  However, the link need not be so strong that it excludes every other
reasonable hypothesis except the defendant’s guilt.  Brown v. State, 911
S.W.2d 744, 748 (Tex. Crim. App. 1995).  Further, it is not the number of links
that is dispositive, but rather it is the logical force of all of the evidence,
direct and circumstantial.  Evans, 202 S.W.3d at 162.  Relevant factors
that may affirmatively link an accused to contraband include, but are not
limited to (1) the defendant’s proximity to, and the accessibility of, the
narcotic, (2) whether the defendant attempted to flee, (3) whether the
defendant made furtive gestures, (4) whether the defendant was found with a
large amount of cash, and (5) whether the conduct of the defendant indicated a
consciousness of guilt.  See Olivarez v. State, 171 S.W.3d 283,
291 (Tex. App.—Houston [14th Dist.] 2005, no pet.).

B. 
Application to the Facts

            Viewed
in the light most favorable to the verdict, the following evidence established
that appellant possessed the 11.53 grams of cocaine found under the residence
at 1924 Nashby:

·       
Keleman’s and Walton’s testimony that appellant ran from them at
some point before they had completed a pat-down search of appellant (factor
two);

·       
Keleman’s testimony that he chased appellant, who eventually
stopped at a fence behind 1924 Nashby where Keleman observed appellant toss a
baggie under the house (factors one, three, and five);

·       
Keleman’s and Herman’s testimony that, after appellant was
apprehended, they went to 1924 Nashby where they observed a baggie, which
Keleman estimated was about six to ten feet under the house (factor one);  

·       
Keleman’s testimony that State’s Exhibit 1A, a baggie established
by forensic evidence to contain 11.53 grams of cocaine, was the baggie Keleman
saw appellant throw (factor one);

·       
Herman’s testimony that appellant’s arrest on Edgar and the
discovery of the baggie at 1924 Nashby happened “pretty simultaneously” (factor
one);

·       
Keleman’s testimony that they requested assistance from the fire
department when they were unable to retrieve the baggie;

·       
The dispatch report showing Keleman arrived on Edgar Street at
1:14 pm, and the fire engine was dispatched at 1:23 pm, a span of only nine
minutes, which would have included time expended in the initial contact with
appellant, the chase preceding disposal of the baggie, and time Keleman and
Herman attempted to retrieve the baggie before requesting the fire department’s
assistance (factor one);

·       
Cagnon’s testimony that, when appellant was searched during the
booking process, a large wad of bills totaling $1,352 was found on his person
(factor four).

            The
present case is similar to Floyd v. State, in which the court of
criminal appeals concluded the evidence was sufficient to support the
defendant’s conviction of unlawful possession of a dangerous drug.  494 S.W.2d
828 (Tex. Crim. App. 1973).  In Floyd, a police officer was patrolling a
public park where there were three to four hundred people.  Id. at
828–29.  The officer began looking for Floyd based on information from a
confidential informant.  Id. at 829.  When the officer first saw him,
Floyd was on a bicycle.  Id.  The officer pursued Floyd in his patrol
car for approximately 120 yards, at which point Floyd dismounted his bicycle in
the restroom area.  Id.  The officer then observed Floyd take a plastic
baggie from his front pocket, run to the door of the women’s restroom, step
inside the restroom, and throw the baggie full of what looked like pink
capsules inside a partially boarded window of the restroom.  Id.  As the
officer ran up to the restroom, Floyd came out, mounted his bicycle, and rode
around the restroom and concession area.  Id.  The officer finally
arrested Floyd in an area outside the view of the restroom entrance.  Id.
 The arrest required three to four minutes, but within a span of approximately
two minutes, the officer sent a park employee to stand in front of the restroom
to ensure that no one entered.  Id.  After Floyd’s arrest and arrival of
another squad-car, the officer entered the restroom and found a baggie full of
capsules on the window sill.  Id.

            The
court of criminal appeals reasoned:

            In the case at bar the State offered direct
evidence that appellant (1) entered the ladies’ restroom, (2) threw a baggie
containing pink capsules into a partially boarded window, (3) fled from Officer
Brown, and that (4) a bag containing capsules of LSD was found in the boarded
window of the restroom.  The State relied on circumstantial evidence only to
prove that the bag of pink capsules identified as LSD was the same bag that
appellant was observed throwing into the restroom. Thus, appellant was
affirmatively linked with a baggie of pink capsules found in the ladies’
restroom of Tietze Park in Dallas.

            The question remaining is whether the baggie of
red capsules that appellant was seen to have thrown into the window of the
ladies’ restroom was the same as the bag of capsules of LSD found in the
window. The fact that the dangerous drug was found in the exact location that
Officer Brown saw appellant throw the baggie was probative fact that the bags
were the same. Likewise, appellant’s flight was also probative value in
establishing guilt[.]  Although the restroom area was unobserved for a few
minutes following appellant’s arrest, when a jury, advised of the restrictions
which the law places on circumstantial evidence, reaches the conclusion upon
evidence properly before them that the accused is guilty, it is not for the
reviewing court to support their findings by its own unless it is able to point
to weaknesses, omissions, or inconsistencies in the evidence which destroy its
cogency.  The evidence reflected that the contraband was found where it was
observed to have been thrown by appellant.

Id.
at 830 (citations omitted).  The court of criminal appeals then held that (1) an
affirmative link had been shown between Floyd and the LSD and (2) the evidence
was sufficient to support his conviction.  Id.

            Similar
to Floyd, the evidence in the present case reflected that the cocaine
was found where it was observed to have been thrown by appellant.  Accordingly,
the evidence was sufficient to support appellant’s conviction.[3]

            For
the preceding reasons, we overrule appellant’s sole issue and affirm the
judgment.

 

                                                                                    

                                                                        /s/        Charles
W. Seymore

                                                                                    Justice

 

 

 

Panel consists of Chief
Justice Hedges and Justices Seymore and Boyce.

Do
Not Publish — Tex. R. App. P. 47.2(b).

 









[1] Five judges on the Texas
Court of Criminal Appeals recently held that only one standard should be
employed to evaluate whether the evidence is sufficient to support a criminal
conviction beyond a reasonable doubt: legal sufficiency.  See Brooks v.
State, 323 S.W.3d 893, 894–95 (Tex. Crim. App. 2010) (plurality op.); id.
at 926 (Cochran, J., concurring). 





[2] In this court, appellant
does not challenge the sufficiency of the evidence to support intent to
deliver.





[3] Appellant argues that two
aspects of the testimony indicate Keleman did not see appellant throw the
cocaine under the house.  First, Keleman’s attention would necessarily have
been on appellant rather than the object.  In the context of this argument,
appellant represents that Keleman never described the object appellant threw. 
Keleman, however, described a “baggie tossed from [appellant’s] hand, tossed
under the house.”  Second, appellant contends that, given the size and weight
of the baggie of cocaine, it would have been physically impossible for
appellant to have thrown it six to ten feet under the house.  It was the jury’s
role to consider and weigh these aspects of the evidence.  See Orsag v.
State, 312 S.W.3d 105, 115 (Tex. App.—Houston [14th Dist.] 2010, pet. ref’d)
(“The jury is the exclusive judge of the credibility of the witnesses and of
the weight to be given their testimony, and it is the exclusive province of the
jury to reconcile conflicts in the evidence.”).