**Kenneth Eugene LANE, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**Nos. C14–82–306–CR, A14–82–307–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

July 14, 1983.

Aaron L. Bullock, Houston, for appellant.

Timothy Taft, Wilford Anderson, Houston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

MURPHY, Justice.

Kenneth Eugene Lane (Appellant) was convicted by a jury of possession of a controlled substance, following which the court revoked his probation for a prior conviction of aggravated assault and assessed concurrent punishment of four years' imprisonment. In a consolidated appeal from the conviction and revocation, Appellant complains in nine grounds of error of misstatements in the police affidavit, based upon which the search warrant was issued and the substance was seized; trial court error in failing to make an independent determination of the existence of an informant; insufficiency of the evidence; and failure of the trial court to give an indeterminate sentence. We find no error and affirm both the conviction and probation revocation.

On January 17, 1982, Houston Police Department undercover narcotics Officer W.T. Reeves received a telephone call from an informant who said that two black males, David Murphy and Kenneth Eugene Lane, were in possession of a large quantity of Preludin and Talwin tablets. Preludin is the controlled substance, phenmetrazine. The informant said the men were in a 1972 Chevrolet, Texas license number KMM30, in the Third Ward near the intersection of Rosedale and Ennis Streets. Officer Reeves and his partner, Officer Blair, drove in separate cars to Rosedale and Ennis, where they saw the car described by the informant. After setting up surveillance,

they followed the car to an apartment complex at Dowling and Cleburne Streets. Officer Reeves recognized one of the passengers as David Murphy. Murphy and the other man, later identified as Appellant, went into the apartments and stayed approximately twenty minutes. A female remained in the car. When the men returned, they appeared to be nervous. Officer Blair saw Murphy take a brown bag out of his jacket and put it in the trunk. Appellant took an object out of his jacket and put it into the trunk as well. The undercover officers followed the car into the Fifth Ward and instructed a patrol unit to stop it. Officers Blair and Reeves saw the patrolman place both men and the female in the patrol car. After the car was towed to the police compound, Officer Reeves went to the police station to prepare a search warrant, which he then took to a magistrate to be signed. A key to the 1972 Chevrolet was found beneath the back seat of the patrol car after the three suspects were removed from the car at the police station. When Officer Blair searched the trunk of the impounded automobile, he found two pistols and a quantity of phenmetrazine in a brown bag.

A jury found Appellant guilty of possession of a controlled substance in Cause No. 348,475 and assessed punishment at seven years' imprisonment. The trial court granted the State's motion to revoke probation in Cause No. 321,186 and sentenced Appellant to imprisonment for four years. The State's motion to cumulate the sentences was denied. See TEX.CODE CRIM.PROC. ANN. art. 42.08 (Vernon 1979). In appealing both causes, Appellant's grounds of error one through four are identical in each brief and will be discussed conjunctively.

In Appellant's first grounds of error, he contends the trial court erroneously admitted into evidence the controlled substance seized pursuant to the search warrant dated January 17, 1982 because the underlying affidavit of Officer Reeves did not satisfy the first prong of the test enunciated in *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). Appellant argues that Reeves did not provide the magis-

trate with sufficient underlying facts so that he could independently corroborate the informant's tip. He further complains of a discrepancy between observation times in Officer Reeves' testimony at the suppression hearing and times mentioned in his affidavit. During the hearing on the motion to suppress, Officer Reeves stated he received a telephone call from an informant "sometime in the morning of January 17." At trial Officer Reeves testified that the informant had telephoned him at his home "sometime before noon."

The affidavit of Officer Reeves contains the following pertinent facts:

I, Officer W.T. Reeves, the Affiant, and a Houston Police Narcotics Officer recieved (sic) information from a reliable, credible, and confidential informant who stated that a black male known as Kenneth Eugene Lane and a black male known as David Murphy were in possession of a large quantity of Preludin and Talwin tablets for the purpose of sale. The informant further stated that both males were riding in a 1972 Chevrolet 4 door with TX license number KMM30 with the tablets in their possession. The informant advised your affiant that he had seen both males in possession of the controlled substance within the last hour. Your affiant and his partner K.G. Blair located the vehicle at the intersection of Rosedale and Ennis and set up surveillance. Your affiant and his partner K.G. Blair followed the vehicle to the 3000 block of Sumpter Street and had a uniform patrol unit to stop the vehicle. The uniform (sic) officers upon stopping the vehicle arrested the driver (Kenneth Eugene Lane) (David Edd Murphy), and (a black female Lolita Barfield) (sic). All three were transported to the Houston Police Department and held pending further investigation.

Their vehicle a 1972 Chevrolet bearing license tag KMM30 registered to Kenneth Lane 8310 Depriest was towed to 1202 Washington by HPD wrecker service.

Kenneth Eugene Lane was asked by uniform (sic) officers for the key to the

trunk and advised them that he had lost it. Uniform officers upon arriving at the police station recovered the key which was behind the back seat of the patrol car.

Affiant had recieved (sic) information from this informant on several occassions (sic) regarding illegal narcotic activities and on each of these occasions, the information proved to be true and correct.

The magistrate signed the search warrant at 6:30 p.m. on January 17, 1982.

■ We will first consider Appellant's challenge to the sufficiency of facts alleged by Officer Reeves in the affidavit. A new standard for judging whether an affidavit demonstrates probable cause to issue the warrant has recently been announced by the U.S. Supreme Court in *Illinois v. Gates,* —— U.S. ——, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983):

> [W]e conclude that it is wiser to abandon the "two-pronged test" established by our decisions in *Aguilar* and *Spinelli.* In its place we reaffirm the totality of the circumstances analysis that traditionally has informed probable cause determinations. The task of the issuing magistrate is simply to make a practical common-sense decision whether, given all the circumstances set forth in the affidavit before him ... there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for conclud[ing]" that probable cause existed.

*Id.* at ——, 103 S.Ct. at 2332 (citations omitted).

We are of the opinion that the affidavit of Officer Reeves complies with the more stringent requirements set forth in *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). Therefore, it necessarily follows that it suffices under the new and more lenient criterion of *Illinois v. Gates.*

*Aguilar v. Texas* requires that the affidavit provide the magistrate with underlying circumstances (1) from which the informant concluded the contraband was where he claimed it was, and (2) from which the affiant concluded the informant was credible or his information reliable. 378 U.S. at 114, 84 S.Ct. at 1514.

The informant told Officer Reeves "that he had seen both males in possession of the controlled substance within the last hour." Personal observation of the contraband by the informant satisfies the first prong of *Aguilar. Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637; *Smith v. State,* 496 S.W.2d 90, 91 (Tex.Cr.App.1973).

Officer Reeves stated in the affidavit that all information received from this informant on prior occasions had been true and correct. Such a recital is sufficient to satisfy the second prong of the *Aguilar* test. *United States v. Cole,* 628 F.2d 897, 898 n. 1 (5th Cir.1980), *cert. denied,* 450 U.S. 1043, 101 S.Ct. 1763, 68 L.Ed.2d 241 (1981).

■ We do not perceive any discrepancies in times. The reference in the affidavit to "within the last hour" clearly means that the informant had seen both males in possession of the contraband within the hour preceding his call to Officer Reeves during the morning of January 17, 1982.

None of Appellant's criticisms of the affidavit under these grounds of error has merit. We overrule his first grounds in both causes.

Appellant next contends that the trial court erred and, alternatively, abused its discretion, in denying his motion to suppress because the evidence reflected that certain assertions in the affidavit of Officer Reeves were misstatements. Specifically, he complains of the statement that the informant had seen the controlled substance in Appellant's possession "within the last hour." As we said in our discussion of the first grounds of error, the context of this statement makes it obvious that the informant had made the observation within an hour before calling Officer Reeves with the tip. It does not mean, as Appellant contends,

that the informant must have seen the contraband at 5:30 p.m. since the warrant was signed at 6:30 p.m. The trial court did not err, nor did it abuse its discretion, in overruling the motion to suppress. Therefore, we overrule the second grounds of error in both causes.

In ground of error three in both causes, Appellant asserts trial court error and abuse of discretion in denying his request to go behind the search warrant and make an independent determination of the existence of an informant. He argues that there was no informant and such an allegation entitled him to a hearing or an *in camera* determination of the informant's existence, citing *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978) and *Ramsey v. State*, 579 S.W.2d 920 (Tex.Cr.App. 1979). We perceive no error for several reasons.

■ Let us begin by observing that *Franks* did not involve "the difficult question whether a reviewing court must ever require the revelation of the identity of an informant once a substantial preliminary showing of falsity has been made." 438 U.S. at 171, 98 S.Ct. at 2684. The Court noted that in an earlier decision in *McCray v. Illinois*, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967), it was determined that due process did not require the State to expose the informant's identity routinely upon a defendant's mere demand when there was ample evidence to show the informant was reliable and his information credible. *Id.* Instead, the Court in *Franks* was concerned with what a defendant must do to overcome the presumption of validity of the affidavit:

> To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, *and those allegations must be accompanied by an offer of proof.* They should point out specifically the portion of the warrant affidavit that is claimed to be false; *and they should be accompanied by a statement of supporting reasons.* Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained.

*Id.* 438 U.S. at 171, 98 S.Ct. at 2684 (emphasis added).

The Court further stated that if, after excising the alleged falsity or reckless disregard for the truth, the affidavit still contains sufficient allegations to support a finding of probable cause, no evidentiary hearing need be held. *Id.* at 172–173, 98 S.Ct. at 2684–2685. In addition, if a defendant merely makes conclusory accusations of deliberate falsehoods without accompanying offers of proof, an evidentiary hearing is not required. *United States v. Jeffers*, 621 F.2d 221, 227 (5th Cir.1980).

■ We do not believe that Appellant made a "substantial preliminary showing of falsity" to entitle him to an evidentiary hearing on his allegations. In his request for a hearing, Appellant stated no supporting reasons for his accusation, but rather contended in a conclusory fashion that his proof would be forthcoming in the testimony of Officers Reeves and Blair. Nevertheless, the court did, in fact, hold an evidentiary hearing on this issue as part of the proceedings on the motion to suppress.

Appellant also contends he was entitled to call the informer as a witness at the hearing under the authority of *Ramsey v. State*, 579 S.W.2d 920. We believe *Ramsey* to be clearly distinguishable. The informant in *Ramsey* had told the defendant's lawyer that he had never said what was attributed to him in the affidavit. Defense counsel made a sufficient preliminary showing by an offer of proof and bill of exception to justify holding an evidentiary hearing at which the informant could testify. There has been no similar offer of proof in the case at bar. Testimony of the two officers during the suppression hearing fails to indicate that either had deliberately lied about the existence of the informant. Quite the contrary. Officer Reeves reiterated, unimpeached, the reliability of the information provided by the informant on

many occasions in the past, including information which led to Appellant's arrest.

 We have found nothing in this record to indicate that Appellant made a substantial preliminary showing of falsity to entitle him to an evidentiary hearing. Neither did Appellant show that the affidavit could not support a finding of probable cause if the allegedly false portion were removed. Although the hearing was held, Appellant failed to adduce evidence to support his accusation. The trial court properly denied Appellant's request for an *in camera* judicial determination of the informant's identity. *See Etchieson v. State,* 574 S.W.2d 753, 757 (Tex.Cr.App.1978) (en banc) (informant's identity need not be disclosed except under limited circumstances not present in the case at bar). *See also Ellerbee v. State,* 631 S.W.2d 480, 483 (Tex.Cr.App.1981). We overrule grounds of error three.

In his fourth grounds of error, Appellant contends the evidence was insufficient to sustain the conviction since Appellant was not found to be in greater personal possession of, or proximity to, the contraband than was David Murphy.

 The State must prove (1) that the accused exercised actual care, custody, management and control over the drug and (2) knew it was contraband. *Guitierrez v. State,* 533 S.W.2d 14, 15 (Tex.Cr.App.1976). Where the accused is not in exclusive possession of the premises, the evidence must establish an affirmative link, beyond mere presence, between the accused and the contraband. *Id.* The affirmative link can be shown by circumstances which indicate the accused's knowledge and control of the contraband. *Deshong v. State,* 625 S.W.2d 327, 329 (Tex.Cr.App.1981). Appellant's presence with Murphy at the trunk of the car, his actions in placing an object in the trunk, and his ownership of the car are sufficient affirmative circumstances. *Id.* In addition, the court instructed the jury on the law of parties, an alternative theory under which we find the evidence clearly sufficient. Grounds of error four in both causes are overruled.

In ground of error five, raised only in the appeal of Cause No. 321,186, Appellant contends the trial court abused its discretion by failing to apply the indeterminate sentence of not less than two nor more than ten years' confinement in prison for the offense of aggravated assault. *See* TEX.PENAL CODE ANN. § 12.34 (Vernon 1974). The sentence pronounced by the court was four years' imprisonment. TEX. CODE CRIM.PROC.ANN. art. 42.09 (Vernon Supp.1982–1983) was amended effective September 1, 1981, and indeterminate sentencing was abolished as of that date. Appellant was sentenced on March 15, 1982, so the trial court properly did not pronounce an indeterminate sentence. Appellant's fifth ground of error is overruled.

Affirmed.