**Robert Ross MORGAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–85–00349–CR.**

Court of Appeals of Texas, Dallas.

Dec. 19, 1985.

---

2. The Bank does not challenge the court's find-     ing of proximate cause.

Michael C. Wynne, Nall, Stagner & Pelley, Sherman, for appellant.

Stephen Davidchik, Dist. Atty., Grayson County, Sherman, for appellee.

Before GUILLOT, MALONEY and HOWELL, JJ.

GUILLOT, Justice.

Robert Ross Morgan appeals his conviction for robbery. The trial court assessed punishment at confinement for not less than two and not more than seven years. In his sole ground of error, appellant contends that the evidence is insufficient to support his conviction. We disagree. For the reasons stated below, we reform the sentence and, as reformed, the judgment of the trial court is affirmed.

The record reveals that appellant was in a J.C. Penney store when he grabbed a number of coats off a rack and attempted to leave the store without paying for them. Appellant attempted to exit through a double set of doors but was thwarted by two female store employees. One of the store employees was the complainant. When confronted by the two female employees at the first set of doors, appellant threw the coats down and attempted to leave through the final set of doors. The two employees then grappled with appellant, and he struck the complainant's face with his closed fist causing her bodily injury. Appellant asserts that, since he threw the coats down and, in effect, abandoned them before he struck the complainant, the evidence is insufficient to show that he committed the assaultive conduct with the intent to obtain or maintain control of the coats. Appellant's contention is without merit.

The Practice Commentary to the robbery statute, section 29.02 of the Texas Penal Code, provides in pertinent part:

Section 29.02 is broader in scope than the prior robbery offense, however, because it applies to violence used or threatened "in the course of committing theft," which is defined in Section 29.01 to include not only violent conduct antecedent to a completed theft, but also violence accompanying an unsuccessful attempted

theft and *violence accompanying an escape immediately subsequent to a completed or attempted theft.* This factor adds two new methods of committing robbery. This first—use or threat of violence in an attempted theft—simply combines into the robbery offense the prior separate offense of assault with intent to rob, Penal Code art. 1163. The practical effect is to provide an identical penalty range, which is justified because the conduct is equally dangerous whether or not the theft is completed and it is usually fortuitous that the theft falls short of completion. *The second—use or threat of force in escaping—broadens the scope of robbery.* Here, too, the conduct is as dangerous as force or threats antecedent to the theft [emphasis added].

TEX. PENAL CODE ANN. § 29.02 (Vernon 1985). The element "intent to obtain or maintain control of the property" deals with a robber's state of mind regarding the property involved in the theft or attempted theft, and not his state of mind in the assaultive component of the offense of robbery. *See White v. State*, 671 S.W.2d 40, 42 (Tex.Crim.App.1984). Therefore, violence accompanying an attempted escape immediately after a completed or attempted theft can constitute robbery. *White*, 671 S.W.2d at 42; *Ulloa v. State*, 570 S.W.2d 954, 957–58 (Tex.Crim.App.1978). Abandonment of the property stolen does not prevent the proscribed conduct from constituting robbery. *See White*, 671 S.W.2d at 41; *Ulloa*, 570 S.W.2d at 957–58.

We view the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Houston v. State*, 663 S.W.2d 455 (Tex.Crim.App.1984); *Wilson v. State*, 654 S.W.2d 465 (Tex.Crim.App.1983). We hold that a rational trier of fact could have concluded beyond a reasonable doubt that appellant caused bodily injury to the complainant with the intent to obtain or maintain control of the coats. *See White*, 671 S.W.2d at

43; *Ulloa*, 570 S.W.2d at 957–58. Appellant's ground of error is overruled.

One other matter, not raised by the briefs, requires our attention. The trial court orally pronounced sentence at seven years' confinement but the written sentence signed by the trial court and entered of record reflects an indeterminate sentence of not less than two and not more than seven years' confinement. Effective September 1, 1981, article 42.09 of the Texas Code of Criminal Procedure was amended, and indeterminate sentencing was abolished as of that date. *See Lane v. State*, 659 S.W.2d 450, 455 (Tex.App.—Houston [14th Dist.] 1983, no pet.). Additionally, the written judgment of the trial court shows that appellant's punishment was assessed at seven years' confinement. This Court may reform a sentence so as to conform to the judgment. *Johnson v. State*, 478 S.W.2d 442, 445 (Tex.Crim.App.1972). Therefore, the sentence is reformed to show a term of confinement for seven years and, as reformed, the judgment of the trial court is affirmed.