**Armando Bernal MANZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01-89-00540-CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

March 29, 1990.

Karen Zellers, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., J. Harvey Hudson, Johnny Sutton, Asst. Dist. Attys., for appellee.

Before HUGHES, O'CONNOR and DUGGAN, JJ.

OPINION

DUGGAN, Justice.

A jury convicted appellant of the offense of aggravated possession of a controlled substance, cocaine, in an amount of more than 28 grams but less than 400 grams. After his plea of true to the enhancement allegation, the court found the allegation to be true and assessed punishment at 25 years confinement and a $1 fine.

The Houston Police Department dispatcher received a telephone report of an assault at an apartment complex at the 10200 block of Telephone Road, as well as a possibly related disturbance at the 10100 block. The dispatcher directed a patrol car to the location. Upon arrival, police officers saw appellant chasing a woman, who was bleeding from the face. She told the officers that appellant had beaten her, and they arrested him for assault. At the jail, Officer Saenz conducted an inventory search of appellant, and found a plastic sandwich bag which appeared to contain a controlled substance.

█ In his first point of error, appellant asserts that the trial court erred in refusing his requested jury instruction on the lesser included offense of possession of less than 28 grams of cocaine.

Avelina DeJesus, a police chemist, testified at trial that the bag, identified by others as the bag taken from appellant, contained 28.3 grams of cocaine by aggregate weight, and that the substance was 95.8 percent pure. On cross-examination, DeJesus testified that she weighed the substance by pouring the contents of the bag onto a scale. In answer to a cross-examination inquiry about the accuracy of the scale, DeJesus answered that it was "accurate up to three decimal points." On redirect, DeJesus said that three decimal points was equal to one-thousandth (1/1000).

Appellant testified that he never possessed the cocaine, that three officers had previously frisked him, and that none of them found any cocaine on his person. He claimed that the officer who performed the inventory search at the jail planted the cocaine on him, saying, "Look here, this is yours."

Appellant requested, and the trial court refused, the submission in the charge of the lesser included offense of possession of less than 28 grams of cocaine.

In determining whether a defendant should receive a charge on a lesser included offense, a two-step analysis must be conducted:

First, the lesser included offense must be included within the proof necessary to establish the offense charged. Secondly, there must be some evidence in the record that if the defendant is guilty, he is guilty of only the lesser included offense.

*Royster v. State,* 622 S.W.2d 442, 446 (Tex. Crim.App.1981); *see also Lincecum v. State,* 736 S.W.2d 673, 678 (Tex.Crim.App. 1987), *cert. denied,* 486 U.S. 1061, 108 S.Ct. 2835, 100 L.Ed.2d 936 (1988).

Because possession of less than 28 grams of cocaine is a lesser included offense of possession of more than 28 grams but less than 400 grams of cocaine,[1] appellant has made the first showing. Appellant gives two arguments as to why the evidence shows guilt of *only* the lesser included offense.

First, appellant contends that the chemist's testimony that the machine was "accurate up to three decimal points" was the equivalent of saying there was a margin of error of 0.3 (or 0.300) grams. Therefore, he contends, he could have been guilty of the lesser included offense of possession of less than 28 grams of cocaine.

*Decimal fraction* is defined as:

[A] fraction whose denominator is some power of ten (10, 100, 1000, etc.); *spec.* a fraction expressed (by an extension of the ordinary Arabic notation) by figures written to the right of the units figure after a dot or point (the *decimal point*), and denoting respectively so many tenths, hundredths, thousandths, · etc. The number of *decimal places* ... is the number of figures after the decimal point.

The Oxford English Dictionary Vol. IV, 331 (2d ed. 1989). *Decimal thirds* is defined as "the parts expressed by a decimal fraction to 3 places, i.e. thousandths." *Id.* Therefore, when the unit of measurement is grams, accuracy "up to three decimal points" means accuracy plus or minus thousandths of a gram, not plus or minus 0.300 grams, or three-tenths of a gram as appellant suggests.

Second, appellant asserts that a reasonable jury could have found him guilty of the lesser included offense of possession of less than 28 grams of cocaine, an amount over 0.300 grams less than the minimum for the offense, based on human and mechanical error. In our case, appellant denied possessing cocaine at all. There is no evidence in the record that if he is guilty, he is guilty of only the lesser included offense. *See Royster,* 622 S.W.2d at 446. Amounts of less than 0.300 grams have been considered of sufficient quantity in the past to withstand challenges to the sufficiency of the evidence. In *Huff v. State,* 630 S.W.2d 711, 713 (Tex.App.— Houston [1st Dist.] 1981, pet. ref'd), testi-

---

**1.** *See* former Tex.Rev.Civ.Stat.Ann. art. 4476–15, § 4.04(b) & (c), ch. 425, sec. 9, 1983 Tex.Gen. Laws 2361, 2379–80, *repealed and recodified by,* ch. 678, secs. 1 & 13, 1989 Tex.Gen.Laws 2230, 2936–37 & 3165, as Tex. Health & Safety Code Ann. § 481.115 (Vernon Pamph.1990).

mony by a police chemist that a baggie seized from the defendant contained 23.8 milligrams [.0238 grams] of pure cocaine, was sufficient to sustain a conviction for possession of cocaine. It would be improper for this Court to assume that an error of 0.300 grams or greater occurred, in the absence of any evidence of such an error. Because there was no evidence that appellant was guilty of the lesser included offense, the trial court properly denied appellant's requested jury charge on possession of less than 28 grams of cocaine.

Appellant's first point of error is overruled.

■ In his second point of error, appellant asserts the trial court erred in sentencing him to an indeterminate sentence, which was void, inasmuch as there was no statutory basis for such a sentence. He urges that his case must be remanded for resentencing.

At the conclusion of the punishment hearing, the court assessed punishment and sentenced appellant in the following words:

Based upon the jury's verdict, the evidence this court has heard, I find that you are the same person previously convicted as alleged in the indictment and I assess your punishment on all of that at 25 years confinement in the state penitentiary.

It's therefore the order of the court that you be delivered by the sheriff to the Director of Corrections and serve not less than 15 nor more than 25 years.

However, the court's written judgment reflects the imposition of punishment at 25 years and a $1 fine.

Appellant argues that the court's oral imposition of a now-abolished indeterminate sentence makes the record unclear as to whether the court intended to impose a legally correct sentence. The language of Tex.Code Crim.P.Ann. art. 42.09, sec. 1 [2] formerly provided that:

[T]he judge in passing sentence shall pronounce an indeterminate sentence, fixing in such sentence as the minimum the time provided by law as the lowest term in an institution operated by the Department of Corrections and as the maximum the term stated in the verdict.

Indeterminate sentencing was abolished effective September 1, 1981. *Morgan v. State*, 703 S.W.2d 339, 341 (Tex.App.—Dallas 1985, no pet.); *Lane v. State*, 659 S.W.2d 450, 455 (Tex.App.—Houston [14th Dist.] 1983, no pet.).

Appellant stated no objection to the sentence at trial. The identical contention was dealt with and resolved adversely to appellant in *Normand v. State*, 686 S.W.2d 275, 277–78 (Tex.App.—Houston [14th Dist.] 1985, pet. ref'd). There, the court stated:

Because the judge orally pronounced the sentence as "not less than fifteen nor more than twenty years," appellant argues that the guilty verdict is void for an indefinite punishment. However, the trial judge later signed a written judgment assessing punishment at the specific term of twenty years. Since written orders control over oral announcements, there is no merit in this ground of error. (citations omitted).

Appellant's second point of error is without merit, and is overruled.

The judgment is affirmed.

---

**2.** Ch. 91, sec. 2, 1973 Tex.Gen.Laws 205, 206, *amended by* ch. 291, sec. 117, 1981 Tex.Gen. Laws 761, 810.