11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Joseph Daniel Lavender, Jr.

Appellant

Vs.                   No. 
11-03-00090-CR B
Appeal from Comanche County

State of Texas

Appellee

 

The jury
convicted Joseph Daniel Lavender, Jr. of the offense of robbery and assessed
his punishment at confinement in the Institutional Division of the Texas
Department of Criminal Justice for a term of 40 years.[1]  Appellant brings two issues on appeal,
challenging the sufficiency of the evidence supporting his conviction.  Specifically, appellant challenges the
evidence supporting the State=s contention that he intentionally or knowingly placed another in fear
of imminent bodily injury in the course of committing a theft.  We affirm.








To
determine if the evidence is legally sufficient, we must review all of the
evidence in the light most favorable to the verdict and determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Jackson
v. State, 17 S.W.3d 664 (Tex.Cr.App.2000). 
In order to determine if the evidence is factually sufficient, we must
review all of the evidence in a neutral light and determine whether the
evidence supporting guilt is so weak as to render the conviction clearly wrong
and manifestly unjust or whether the evidence supporting guilt, although
adequate when taken alone, is so greatly outweighed by the overwhelming weight
of contrary evidence as to render the conviction clearly wrong and manifestly
unjust.  Vasquez v. State, 67
S.W.3d 229, 236 (Tex.Cr.App.2002); Goodman v. State, 66 S.W.3d 283
(Tex.Cr.App.2001); Johnson v. State, 23 S.W.3d 1, 11 (Tex.Cr.App.2000); Cain
v. State, 958 S.W.2d 404 (Tex.Cr.App.1997); Clewis v. State, 922
S.W.2d 126 (Tex.Cr.App.1996).

Appellant
was indicted for the offenses of robbery and aggravated robbery arising from an
incident that occurred on or about September 30, 2000.  The State alleged that appellant committed
robbery by intentionally or knowingly placing the victim in fear of imminent
bodily injury in the course of committing a theft with the intent to obtain or
maintain control of a stolen shotgun.  See
TEX. PENAL CODE ANN. '
29.02(a)(2) (Vernon 2003). The aggravated robbery charge alleged that appellant
used or exhibited the stolen shotgun as a deadly weapon during the
robbery.  See TEX. PENAL CODE
ANN. ' 29.03(a)(2) (Vernon 2003).              

The victim
testified that, late in the evening of September 30, 2000, he received a call
from his daughter who lived across the street that someone was attempting to
open the door of his pickup.  The victim
observed appellant walking across the yard carrying a shotgun which the victim
kept in his pickup.  The victim
described the ensuing events as follows:

And [the
victim] said, “Where you going?” And [appellant] didn=t answer me. 
Then I said it again.  I looked
at him and he had my shotgun.  I said, “You
got my gun, give me my gun back.”  

 

And he
kept a walking and I was barefooted.  I
don=t walk barefooted.  And he nearly got all the way to the driveway and I said, “Why
don=t you just drop my gun and get out of here?”  

 

And he
said, “Why don=t you come and get it?” And he stick his hand
inside his shirt pocket.[2]...He
just kind of reached in there like that, like he had a gun or something.

 

The victim testified that
he was frightened when appellant reached toward his waist.  Appellant subsequently drove away with the
victim=s shotgun. 
The victim stated that appellant neither pointed the shotgun at him nor
threatened him with it during the episode. 


Appellant
did not contest the victim=s account of the incident. 
Instead, appellant devoted his efforts at trial toward presenting an
insanity defense.  The jury did not find
appellant guilty of the offense of aggravated robbery.  However, the jury made a finding of guilt on
the robbery charge.  Appellant bases his
evidentiary challenge in large part on the jury=s refusal to find that appellant used or exhibited the stolen shotgun
as a deadly weapon during the theft.  He
also relies on the absence of evidence of any other weapon.  Appellant additionally asserts that the act
which allegedly placed the victim in fear of imminent bodily injury occurred
after he appropriated the shotgun.

With
respect to the timing component of appellant=s evidentiary challenge, a person commits robbery “if, in the course of
committing theft,” he intentionally or knowingly threatens or places another in
fear of imminent bodily injury or death. 
Section 29.02(a)(2).  “In the
course of committing theft” includes conduct occurring in “immediate flight”
after the theft or attempted theft. 
TEX. PENAL CODE ANN. ' 29.01(1) (Vernon 2003). 
Therefore, violence accompanying an attempted escape immediately after a
completed or attempted theft can constitute robbery.  Morgan v. State, 703 S.W.2d 339, 341 (Tex.App. - Dallas 1985, no
pet=n). 
The evidence indicates that the violence which appellant committed
occurred, at the latest, during his immediate flight after the theft.

A person
commits robbery when he  “intentionally
or knowingly threatens or places another in fear of imminent bodily injury or
death” in the course of committing theft. 
Section 29.02(a)(2).  The accused
need not expressly threaten another or display a weapon to commit robbery.  See Pitte v. State, 102 S.W.3d
786, 792-93 (Tex.App. - Texarkana 2003, no pet=n); Welch v. State, 880 S.W.2d 225, 227 (Tex.App. - Austin 1994,
no pet=n); Williams v. State, 827 S.W.2d 614,
616 (Tex.App. - Houston [1st Dist] 1992, pet=n ref=d). 
It is sufficient to constitute robbery if the accused places the
complainant in fear of bodily injury or death to the degree that “reason and
common experience” will likely induce the complainant to part with his property
against his will. See Devine v. State, 786 S.W.2d 268, 270
(Tex.Cr.App.1989); Cranford v. State, 377 S.W.2d 957, 958
(Tex.Cr.App.1964) (citing Easley v. State, 199 S.W. 476 (Tex.1917)); Pitte
v. State, supra at 792-93.  








The court
in Cranford upheld a robbery conviction based upon the defendant making
a gesture that the victim thought was a reach for a gun.  Cranford v. State, supra at
958.  The victim in this case testified
that he believed appellant was reaching for a gun.  The victim further testified that appellant=s gesture made him fearful.  These facts and the fact that appellant held
a shotgun during this episode were sufficient to place a reasonable person in
the victim=s circumstances in fear of imminent bodily
injury.  See Welch v. State,
supra at 226.  We conclude that
the evidence is legally and factually sufficient to support the finding that
the victim was placed in fear of imminent bodily injury.  Appellant=s issues on appeal are overruled. 


The
judgment of the trial court is affirmed.

 

W. G. ARNOT, III

CHIEF
JUSTICE

 

September 25, 2003

Do not publish.  See TEX.R.APP.P. 47.2(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.











    
[1]The
applicable range of punishment was enhanced under TEX. PENAL CODE ANN. ' 12.42(d) (Vernon 2003) as a result of appellant having
at least two prior felony convictions.





    
[2]The victim
subsequently clarified that appellant stuck his hand inside his jacket toward
his waist.