Criminal Case Template







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



ARTURO REYES,

                            Appellant,

v.

THE STATE OF TEXAS,

                            Appellee.

§

§

§

§

§

No. 08-04-00165-CR

Appeal from the

346th District Court

of El Paso County, Texas

(TC# 20030D01588)




O P I N I O N

           This is an appeal from a jury conviction for the offense of indecency with a child. The
jury found two enhancement allegations to be true and assessed punishment at fifty years’
imprisonment. We affirm the judgment of the trial court.
I. SUMMARY OF THE EVIDENCE
           Prior to trial, the State filed a notice of enhancement and habitualization stating that
Appellant had been previously convicted of two felonies. The notice stated that Appellant
had been convicted of delivery of cocaine in 1993 in Dallas County, Texas, and that he had
been convicted of involuntary deviate sexual intercourse in 1986 in Cumberland County,
Pennsylvania.
           One day prior to trial, Appellant filed a motion to quash the allegation of the
Pennsylvania conviction. Appellant asserted that: (1) the Pennsylvania penitentiary packet
contained an indeterminate sentence of three to ten years; accordingly, the conviction could
not be considered final and could not be used for enhancement because Texas law did not
provide for indeterminate sentences; therefore, it must be presumed that Pennsylvania law
was the same as Texas Law; (2) the use of the Pennsylvania conviction violated Appellant’s
equal protection guarantee in that the conduct constituting the offense in Pennsylvania might
not have constituted an offense under Texas Law; and (3) the Pennsylvania statute was
unconstitutionally vague on its face which rendered the Pennsylvania conviction void. The
trial court ultimately denied the motion to quash.
           The jury found Appellant guilty of the charged offense. Prior to the presentation of
the evidence at the punishment stage of trial, Appellant filed a motion in limine requesting
a hearing before evidence of the Pennsylvania conviction was offered in order to determine
its validity and whether or not Appellant was the individual convicted of that offense in that
there were no fingerprints in that penitentiary packet from Pennsylvania.
           The State responded that as the Pennsylvania penitentiary packet contained
Appellant’s date of birth and photographs, the packet was admissible. The State also
maintained that the jury could compare the photograph in the Pennsylvania packet to
Appellant and then to the photographs contained in a Dallas County penitentiary packet
which would be linked to Appellant by a fingerprint comparison. The court ruled that the
Pennsylvania penitentiary packet was admissible.



           The State called a fingerprint expert to the stand who matched up a set of inked
fingerprints from Appellant to the fingerprint contained in the Dallas County penitentiary
conviction. He also matched Appellant’s fingerprints to prints contained on the three
misdemeanor convictions. Those four convictions as well as the Pennsylvania convictions
were admitted into evidence.
II. DISCUSSION
           In Issue No. One, Appellant asserts that the court erred in allowing the State to use a
1986 Pennsylvania conviction to enhance his punishment because the State failed to prove
that Appellant was the person who was convicted of that offense. In order to prove
jurisdiction, the State could prove the prior convictions by offering certified copies of the
judgments and sentences, along with independent evidence showing Appellant was the same
person named in the previous convictions. See Beck v. State, 719 S.W.2d 205, 210 (Tex.
Crim. App. 1986). Such independent evidence could include expert testimony matching
Appellant’s fingerprints to the fingerprints on the judgments, testimony of a witness who
knew Appellant and knew of the prior convictions, or a judicial stipulation. Id.; Zimmer v.
State, 989 S.W.2d 48, 50 (Tex. App.--San Antonio 1998, pet. ref’d). It could also include
photographs of the convicted individual for comparison with Appellant or identification
information such as name, gender, height, eye color, hair color, and date of birth. Williams
v. State, 946 S.W.2d 886, 895 (Tex. App.--Waco 1997, no pet.).
           Permitting the fact finder to compare the visage of Appellant while in court with that
appearing in photographs included in the pen packet has been held sufficient to establish
identity. Zimmer, 989 S.W.2d at 51-52; Williams, 946 S.W.2d at 895; Yeager v. State, 737
S.W.2d 948, 951-52 (Tex. App.--Fort Worth 1987, no pet.); Felton v. State, 659 S.W.2d 482,
486 (Tex. App.--Dallas 1983, pet. ref’d). In Littles v. State, 726 S.W.2d 26 (Tex. Crim. App.
1984) (op. on reh’g), the Court held the State had properly proved the defendant’s identity
as to the first conviction through the use of fingerprints. As to the second conviction, the
court reasoned that the jury had the capability to compare the photographs contained in the
two exhibits and to conclude the photographs depicted the same individual. Id. at 32. 
Additionally, the Littles court pointed out the strength of a photograph comparison as
compared to a written description.
           In the present case, the Pennsylvania penitentiary packet contained front and side
photographs which could be compared to the photographs in the Dallas County penitentiary
packet and to Appellant in the courtroom. We find that Appellant’s identity in the 1986
penitentiary packet was sufficiently proven.


 Issue No. One is overruled.
           In Issue No. Two, Appellant contends that the court erred in denying Appellant’s
motion to quash the enhancement allegation regarding the 1986 Pennsylvania conviction
because it reflected an indeterminate sentence which is not allowed under Texas law. As
stated, the sentence in the Pennsylvania conviction provided for an indeterminate sentence
of three to ten years.
           In Texas, indeterminate sentencing was abolished effective September 1, 1981. Manz
v. State, 787 S.W.2d 580, 582 (Tex. App.--Houston [1st Dist.] 1990, no pet.); Morgan v.
State, 703 S.W.2d 339, 341 (Tex. App.--Dallas 1985, no pet.); Lane v. State, 659 S.W.2d
450, 455 (Tex. App.--Houston [14th Dist.] 1983, no pet.). However, as Appellant’s
contention constitutes a collateral attack on the validity of the conviction, the burden is on
him to show the conviction was invalid under Pennsylvania law. See Johnson v. State, 740
S.W.2d 868, 872 (Tex. App.--Houston [14th Dist.] 1987, pet. ref’d). In Johnson, the accused
challenged a prior New York conviction because it revealed he had received an indeterminate
sentence. The Court held that because the sentence was proper under New York law, the
prior conviction could be used in Texas for enhancement purposes. See id.
           Pennsylvania law requires that in sentencing, a court must specify a maximum term
of imprisonment and a minimum term, which cannot exceed one-half of the maximum
sentence imposed. See 42 Pa. C.S.A.§ 9756 (a-b) (2006); Commonwealth v. Barzyk, 692
A.2d 211, 215-16 (Pa. Super. Ct. 1997); Commonwealth v. Cain, 637 A.2d 656, 659 (Pa.
Super. Ct. 1994); Gundy v. Commonwealth, 478 A.2d 139, 141 (Pa. Commw. Ct. 1984). As
Appellant has failed to meet his burden to prove that the Pennsylvania conviction is invalid,
we overrule Issue No. Two.
           Having overruled each of Appellant’s issues on review, we affirm the judgment of the
trial court.
                                                                  RICHARD BARAJAS, Chief Justice

March 30, 2006

Before Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)