Affirmed and Memorandum Opinion filed April 27, 2006









Affirmed and Memorandum Opinion filed April 27, 2006.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-05-01020-CR

____________

 

ERNESTO HERNANDEZ,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 183rd District
Court

Harris County, Texas

Trial Court Cause No.
899,891

 



 

M E M O R A N D U M   O P I N I O N

Appellant entered a plea of guilty to the offense of
possession with intent to deliver. On March 4, 2003, the trial court sentenced
appellant to confinement for thirty years in the Institutional Division of the
Texas Department of Criminal Justice.

In his sole issue on appeal, appellant claims the trial court
erred in executing a written judgment of sentence that was inconsistent with
the trial court=s oral pronouncement. 
The record reflects that after finding appellant guilty, the trial court
stated:








. . . [I]n your case I assess your punishment at
confinement in the [I]nstitutional [D]ivision of the Texas Department of
Criminal Justice for a period of 30 years.

Jose
Hernandez, it is the Order of this Court that you be delivered by the Sheriff
of Harris County[,] Texas, to the director of the Institutional Division of the
Texas Department of Criminal Justice or to any other person who is legally
authorized to receive such prisoners where you will be confined for a period of
time not less than 15 and not more than 30 years in accordance with the laws
that govern that institution.

The written judgment provides appellant is to be confined for thirty
years.  Appellant argues the written
judgment is inconsistent with the oral pronouncement.  As the excerpt above reflects, the trial
court orally pronounced a sentence of A30 years.@ 
The trial court=s subsequent statement that appellant will be confined for
fifteen to thirty years was an indeterminate sentence unauthorized by law.  See Manz v. State, 787 S.W.2d 580, 582
(Tex. App.CHouston [1st Dist.] 1990, no
pet.).  To the extent the trial court
erred, appellant has not shown it affected his substantial rights.  See Ribelin v. State, 1 S.W.3d 882,
885  (Tex. App.CFort Worth 1999, pet. ref=d); Tex.
R. App. P. 44.2 (b).  More
importantly, the trial court did orally pronounce the same sentence as that
memorialized in the written judgment.  See
Coffey v. State, 979 S.W.2d 326, 328-29 (Tex. Crim. App. 1998).  Accordingly, there is no conflict between the
written judgment and the oral pronouncement of sentence.  Appellant=s issue is overruled.

The judgment of the trial court is affirmed.

 

PER CURIAM

 

Judgment rendered and Memorandum
Opinion filed April 27, 2006.

Panel consists of Justices Hudson,
Fowler, and Seymore.

Do Not Publish C Tex. R. App. P. 47.2(b).