

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-12-00484-CR

BOBBY LEWIS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. 2012-433,785, Honorable Bradley S. Underwood, Presiding

September 6, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant, Bobby Lewis, appeals his conviction for robbery. Through a single issue, he contends that the evidence was insufficient to support the finding of guilt. That is, he believes the evidence failed to show he caused bodily injury "while trying to maintain control of the tip jar" he had taken. Instead, the evidence simply illustrates that the injury occurred while attempting to flee or escape. We affirm.

We review the sufficiency of the evidence under the standard discussed in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and *Brooks v.*

*State,* 323 S.W.3d 893, 902 (Tex. Crim. App. 2010). Furthermore, a person commits the offense of robbery if, in the course of committing theft and with intent to obtain or maintain control of property, that person "(1) intentionally, knowingly, or recklessly causes bodily injury to another; or (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death." TEX. PENAL CODE ANN. § 29.02 (West 2011). The phrase "in the course of committing theft" means "conduct that occurs in an attempt to commit, during the commission, or in immediate flight after the attempt or commission of theft." *Id.* § 29.01. Finally, a person commits the offense of theft if that person unlawfully appropriates property with intent to deprive the owner of the property. *Id.* § 31.03(a).

Appellant does not dispute that he entered a local bar, found a tip jar, took it without permission, exited the facility with the item, was chased by a bar employee, engaged in a fight with that employee, struck the employee, and lost the tip jar, his jacket and identification before escaping from the employee. To that we have testimony from the complainant about at least one of the blows from appellant causing him (the complainant) to suffer a black eye. Thus, we have undisputed evidence of a theft and the infliction of bodily injury by appellant. But, it was not robbery, in his view, because the State failed to prove the injury was inflicted with the intent to obtain or maintain the property taken. Again, he suggests that the property had been abandoned when the fight occurred and that he fought only to escape.

Yet, violence accompanying an attempted escape immediately after a completed or attempted theft may constitute robbery. *See White v. State*, 671 S.W.2d 40, 42 (Tex. Crim. App. 1984); *Ulloa v. State*, 570 S.W.2d 954, 957-58 (Tex. Crim. App. 1978);

2

*Morgan v. State*, 703 S.W.2d 339, 341 (Tex. App.Dallas 1985, no pet.). Furthermore, abandonment of the property stolen does not necessarily prevent the proscribed conduct from constituting robbery. *See White v. State*, 671 S.W.2d at 41; *Ulloa*, 570 S.W.2d at 957-58. And, while the complainant may have testified that he failed to realize that the tip jar had been dropped by appellant until the altercation had ended, he also testified that appellant had the jar when first encountering him and during the altercation. The latter testimony, when coupled with appellant's concession about taking the jar, fleeing, fighting and striking the employee, constitutes some evidence upon which rational jurors could conclude, beyond reasonable doubt, that appellant, in the course of committing theft and with intent to obtain or maintain control of property, intentionally, knowingly, or recklessly caused bodily injury to another.

Because the evidence is sufficient to support the verdict, we overrule the issue and affirm the judgment.

Brian Quinn
Chief Justice

Do not publish.